## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACSB ENTERTAINMENT LLC, a | : | CIVIL ACTION |
| Delaware limited liability company, and | : | |
| ACSB HOSPITALITY LLC, a | : | NO. |
| Maryland limited liability company | : | |
| 14185 Dallas Parkway, Suite 1150 | : | |
| Dallas, TX 75254, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWBOAT PROPERTIES LLC, a | : | |
| Delaware limited liability company, and | : | |
| PREMIER LITE TOWER LLC, a | : | |
| Delaware limited liability company | : | |
| 1520 Locust Street, Suite 300 | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| and | : | |
| | : | |
| BART BLATSTEIN, an individual, | : | |
| 1914-16 Rittenhouse Square | : | |
| Philadelphia, Pennsylvania 19103, | : | |
| | : | |
| and | : | |
| | : | |
| ACSB RESTAURANT LLC, a | : | |
| New Jersey limited liability company | : | |
| 801 Boardwalk | : | |
| Atlantic City, NJ 08401, | : | |
| | : | |
| Defendants | : | |

---

## COMPLAINT IN CONFESSION OF JUDGMENT FOR MONEY DAMAGES

---

Plaintiffs ACSB Entertainment LLC and ACSB Hospitality LLC (together, "Plaintiffs"),

by and through their undersigned counsel, Fox Rothschild LLP, hereby bring this action pursuant

to 231 Pa. Code §§ 2950, *et seq.* to obtain a money judgment by confession against Defendants

Showboat Properties LLC, Premier Lite Tower LLC, ACSB Restaurant LLC (collectively, "Corporate Defendants"), and Bart Blatstein (Corporate Defendants and Bart Blatstein together, "Defendants") for all sums due under a Compromise Settlement Agreement and Mutual General Release dated December 4, 2024. In support thereof, Plaintiffs allege as follows:

## THE PARTIES

1.      Plaintiff ACSB Entertainment LLC ("ACSB Entertainment") is a Delaware limited liability company with its principal place of business at 14185 Dallas Parkway, Suite 1150, Dallas, Texas 75254.

2.      Plaintiff ACSB Hospitality LLC ("ACSB Hospitality LLC") is a Maryland limited liability company with its principal place of business at 14185 Dallas Parkway, Suite 1150, Dallas, Texas 75254.

3.      ACSB Entertainment and ACSB Hospitality's sole member is Remington Holdings, L.P. Remington Holdings, L.P. is comprised of two partners: Remington Holdings GP, LLC, a limited liability company, and Ashford Hospitality Services LLC, a limited liability company. The sole member of Remington Holdings GP, LLC is Ashford Hospitality Services LLC, a limited liability company. The sole member of Ashford Hospitality Services LLC is Ashford Advisors, Inc., which was incorporated in Delaware and has its principal place of business in Texas.

4.      Therefore, ACSB Entertainment and ACSB Hospitality are each citizens of Texas and Delaware.

5.      Defendant Showboat Properties LLC is a Delaware limited liability company with its principal place of business at 1520 Locust Street, Suite 300, Philadelphia, Pennsylvania 19102.

6.      Defendant Premier Lite Tower LLC is a Delaware limited liability company with its principal place of business at 1520 Locust Street, Suite 300, Philadelphia, Pennsylvania 19102.

7.      Defendant ACSB Restaurant LLC is a New Jersey limited liability company with its principal place of business at 801 Boardwalk, Atlantic City, New Jersey 08401.

8.      Defendant Bart Blatstein ("Blatstein") is an adult individual and a citizen of the Commonwealth of Pennsylvania with residences at 1914-16 Rittenhouse Square, Philadelphia, Pennsylvania 19103 and/or 1201 Rock Creek Road, Gladwyne, Pennsylvania 19035. *See* Declaration of Income, of Non-Consumer Credit Transaction, of Commercial Transaction & Non-Retail Sales Agreement or Contract, and of Non-Military Service ("Bradford Statutory Declaration") at ¶ 6.

9.      Plaintiffs diligently researched publicly available information to discern the LLC members of the Corporate Defendants and their citizenship. A sample of Plaintiffs' research efforts are attached hereto as **Exhibit A**.

10.     Upon information and belief, the LLC members of the Corporate Defendants are not citizens of Texas or Delaware.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.     Venue in this district is proper: (a) because Defendants do business in this district and are otherwise "at home" within this district; and (b) under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims in this matter occurred in this district.

13.     Additionally, this Court has jurisdiction over Defendants and venue is proper in this district because, pursuant to the Confession of Judgment Agreement, Sections 6.08 and 6.09 of the Settlement Agreement, and Section 4 of the Guaranty Agreement, all of which are defined below, Defendants consented to jurisdiction and venue in any court in the Commonwealth of Pennsylvania.

## **FACTS**

14.     On or about December 4, 2024, Plaintiffs and Defendants entered into a Compromise Settlement Agreement and Mutual General Release (the "Settlement Agreement"). *See* Stephen Rasch's Unsworn Declaration (the "Rasch Declaration") at ¶¶ 4-5. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit B**.

15.     Pursuant to Section 6.01 of the Settlement Agreement, Defendants agreed to pay Plaintiffs the total sum of $2,100,000.00 (the "Settlement Amount"). *See* Ex. B.

16.     Section 6.02 of the Settlement Agreement outlines the following payment schedule for the Settlement Amount:

- $250,000.00 on or before the Execution Date;

- $250,000.00 on or before December 31, 2024;

- $350,000.00 on or before June 30, 2025;

- $350,000.00 on or before December 30, 2025;

- $350,000.00 on or before June 30, 2026;

- $350,000.00 on or before December 30, 2026; and

- $200,000.00 on or before June 30, 2027.

*See id.*

17.     The Settlement Agreement specifies that an "Event of Default" is "any failure to pay an amount required under the payment schedule specified in Paragraph 6.02." *Id*. at § 2.18 (internal quotation marks omitted).

18.     Defendants timely paid the first installment of the Settlement Amount. *See* Brian Bradford's Unsworn Declaration of Default ("Bradford Default Declaration") at ¶ 4.

19.     Defendants did not pay the second $250,000.00 installment before it was due under the Settlement Agreement on or before December 31, 2024. *See id*. at ¶ 5.

20.     In accordance with Sections 6.04 and 6.05 of the Settlement Agreement, Defendants were notified by a letter dated January 3, 2025 that they were in default of the Settlement Agreement due to their failure to make the required payment due on or before December 31, 2024. A true and correct copy of the January 3, 2025 letter (the "Default Letter") is attached hereto as **Exhibit C**.

21.     The Default Letter was served via e-mail and FedEx on Bart Blatstein with a copy to John F. Palladino, Esq. in accordance with Section 6.05 of the Settlement Agreement. *See* Rasch Declaration at ¶ 8, Ex. A.

22.     In the Default Letter, Plaintiffs notified Defendants that they would have fifteen (15) days from the date of delivery of the Default Letter within which to cure the default. *See* Ex. C.

23.     The cure period expired on Saturday, January 18, 2025. There was no contractual provision extending the cure period deadline if the cure period expired on a weekend day. Even if there were such a contractual provision, Defendants failed to pay the second installment of the Settlement Amount by the first business day after the January 18 cure period expiration.

24.     Plaintiffs received the second installment of the Settlement Amount via wire transfer (the "Wire") on the morning of January 22, 2025. *See* Bradford Default Declaration at ¶¶ 6-7.

25.     Thus, although Defendants ultimately paid the second installment of the Settlement Amount (the first and second installments together totaling $500,000.00), Defendants did not timely cure their default within the time required under the Settlement Agreement. *See id*. at ¶ 8.

26.     Consequently, Defendants defaulted under the Settlement Agreement due to their failure to timely pay the second installment of the Settlement Amount. *See id*. at ¶ 9.

27.     The Settlement Agreement contains a Confession of Judgment clause at Section 6.09:

> **CONFESSION OF JUDGMENT**. CLAIMANTS AND BLATSTEIN HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR AT ANY TIME FOR THEM AFTER AN EVENT OF DEFAULT UNDER THIS SETTLEMENT AGREEMENT AND WITH OR WITHOUT COMPLAINT FILED, CONFESS OR ENTER JUDGMENT AGAINST CLAIMANTS AND BLATSTEIN IN THE AMOUNT OF $2,100,000, LESS ANY PAYMENTS MADE UNDER THIS SETTLEMENT AGREEMENT, ON WHICH JUDGMENT EXECUTION MAY ISSUE IMMEDIATELY; AND FOR SO DOING, A COPY OF THIS SETTLEMENT AGREEMENT VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED IN THIS SETTLEMENT AGREEMENT TO CONFESS JUDGMENT AGAINST CLAIMANTS AND BLATSTEIN SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS SETTLEMENT AGREEMENT AND THE AGREED AWARD. CLAIMANTS AND BLATSTEIN HEREBY WAIVE ANY RIGHT THEY MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATE THAT RESPONDENTS SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO THEIR ATTENTION AND THEY HAVE BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL. CLAIMANTS AND BLATSTEIN UNDERSTAND THAT THEY MAY

SUBJECT CERTAIN OF THEIR ASSETS TO EXECUTION PRIOR TO A HEARING TO CONSIDER PROOF BY RESPONDENTS OF NON-PAYMENT OR OTHER EVENT OF DEFAULT ON THE PART OF THE CLAIMANTS. CLAIMANTS AND BLATSTEIN UNDERSTAND THAT THEY WILL NOT BE ABLE TO CHALLENGE A JUDGMENT ENTERED AS A RESULT OF THIS CONFESSION OF JUDGMENT EXCEPT BY PROCEEDING TO OPEN OR STRIKE THE JUDGMENT, AND SUCH A PROCEEDING MAY RESULT IN ATTORNEYS' FEES AND COSTS WHICH CLAIMANTS AND BLATSTEIN MAY HAVE TO PAY. PRIOR TO SIGNING THIS SETTLEMENT AGREEMENT, CLAIMANTS AND BLATSTEIN HAVE READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS SETTLEMENT AGREEMENT.

Ex. B.

28.     Pursuant to Section 6.08 of the Settlement Agreement, if there is "an Event of Default, [Plaintiffs] may immediately enforce the Confession of Judgment in the Commonwealth of Pennsylvania" and "[Plaintiffs] shall be entitled to a 10% late fee on the balance owed under this Settlement Agreement, along with attorneys' fees incurred in enforcement of the Confession of Judgment." *Id*.

29.     Defendants signed the Settlement Agreement containing the Confession of Judgment clause. *See id*. at pp. 18-22.

30.     The Settlement Agreement pursuant to which judgment is being confessed has not been assigned. *See* Bradford Default Declaration at ¶ 10.

31.     Pursuant to Section 6.07 of the Settlement Agreement, the Corporate Defendants were also required to execute a separate Confession of Judgment (the "Confession of Judgment Agreement"), the form for which was attached to the Settlement Agreement as Exhibit B and incorporated by reference. *See* Ex. B at §§ 2.27, 9.11. A true and correct copy of the Confession of Judgment Agreement is attached hereto as **Exhibit D**.

32.     The Confession of Judgment Agreement provides as follows: "Guarantors authorize any attorney to appear in any court of record of Pennsylvania on default in any payment

of any installment due on payments due under the Settlement Agreement, to admit the maturity of this instrument by acceleration or otherwise, and to confess judgment against Guarantors, jointly and severally, in favor of Payees in the amount of $2,100,000.00 less any payments made pursuant to the Settlement Agreement, and to release all errors and waive all right of appeal and stay of execution." Ex. D.

33.    Defendants signed the Confession of Judgment Agreement containing the Confession of Judgment clause. *See id*. at p. 2.

34.    The Confession of Judgment Agreement pursuant to which judgment is being confessed has not been assigned. *See* Bradford Default Declaration at ¶ 11.

35.    Pursuant to Section 6.06 of the Settlement Agreement, Blatstein was required to execute the Guaranty Agreement (the "Guaranty Agreement") attached to the Settlement Agreement as Exhibit C, which was also incorporated into the Settlement Agreement by reference. *See* Ex. B at §§ 2.27, 9.11. A true and correct copy of the Guaranty Agreement is attached hereto as **Exhibit E**.

36.    On or about November 27, 2024, Blatstein and Plaintiffs entered into the Guaranty Agreement pursuant to which Blatstein "unconditionally guarantee[d] the prompt payment of all financial obligations of [Corporate Defendants] to [Plaintiffs] as set forth in the Settlement Agreement." Ex. E at § 1.

37.    The Guaranty Agreement has a Confession of Judgment provision, which states:

> **CONFESSION OF JUDGMENT**. GUARANTOR HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR AT ANY TIME FOR THEM AFTER AN EVENT OF DEFAULT UNDER THIS GUARANTY AGREEMENT AND WITH OR WITHOUT COMPLAINT FILED, CONFESS OR ENTER JUDGMENT AGAINST GUARANTOR IN THE AMOUNT OF $2,100,000, LESS ANY PAYMENTS MADE

UNDER THIS GUARANTY AGREEMENT, ON WHICH JUDGMENT EXECUTION MAY ISSUE IMMEDIATELY; AND FOR SO DOING, A COPY OF THIS GUARANTY AGREEMENT VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED IN THIS GUARANTY AGREEMENT TO CONFESS JUDGMENT AGAINST GUARANTOR SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS GUARANTY AGREEMENT AND THE AGREED AWARD. GUARANTOR HEREBY WAIVES ANY RIGHT HE MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATE THAT RESPONDENTS SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO HIS ATTENTION AND HE HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL. GUARANTOR UNDERSTANDS THAT HE MAY SUBJECT CERTAIN OF HIS ASSETS TO EXECUTION PRIOR TO A HEARING TO CONSIDER PROOF BY RESPONDENTS OF NON-PAYMENT OR OTHER EVENT OF DEFAULT ON THE PART OF GUARANTOR. GUARANTOR UNDERSTANDS THAT HE WILL NOT BE ABLE TO CHALLENGE A JUDGMENT ENTERED AS A RESULT OF THIS CONFESSION OF JUDGMENT EXCEPT BY PROCEEDING TO OPEN OR STRIKE THE JUDGMENT, AND SUCH A PROCEEDING MAY RESULT IN ATTORNEYS' FEES AND COSTS WHICH GUARANTOR MAY HAVE TO PAY. PRIOR TO SIGNING THIS GUARANTY AGREEMENT, GUARANTOR HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS GUARANTY AGREEMENT.

*Id*. at § 4.

38.    Section 3 of the Guaranty Agreement provides that "if [Corporate Defendants] fail to pay any amount required under the terms of the Settlement Agreement, and fails to cure such Event of Default within the 15-day cure period after delivery of notice of such default, [Blatstein] will pay in full the amount then due under the Settlement Agreement" and that "[Blatstein] understands that the failure to adhere fully to the terms of this paragraph would be a material breach of this Guaranty Agreement." *Id*.

39.     Section 5 of the Guaranty Agreement provides that "[i]f [Plaintiffs] are required to enforce th[e] Guaranty Agreement in any judicial proceeding, [Blatstein] must reimburse [Plaintiffs] for their reasonable attorneys' fees and costs." *Id.*; *see also* Ex. B at §§ 6.06, 8.02.

40.     Blatstein signed the Guaranty Agreement. *See* Ex. E at p. 5.

41.     The Guaranty Agreement pursuant to which judgment is being confessed has not been assigned. *See* Bradford Default Declaration at ¶ 12.

42.     As pleaded herein, Defendants owe a total of $1,600,000.00 to Plaintiffs as of January 31, 2025. Plaintiffs explicitly reserve the right to seek additional amounts from Defendants.[1] *See id.* at ¶¶ 13, 20.

## CONFESSION BY JUDGMENT UNDER PENNSYLVANIA LAW

43.     Confessions of judgment for money under Pennsylvania law are governed by 231 Pa. Code §§ 2950, *et seq.*

44.     By way of background on judgment by confession under Pennsylvania law:

> As recognized by the Third Circuit, [j]udgment by confession is a product of state law, having no analog in the federal rules. The practice is firmly entrenched in Pennsylvania and is governed by the Commonwealth's Rules of Civil Procedure. Put simply, a confession of judgment, or cognovit, is a contractual waiver of prejudgment procedures that enables a creditor to obtain a judgment without a trial of defenses. The creditor or its attorney simply ... apply to the court for judgment against the debtor in default without requiring or permitting the debtor or guarantors to respond at that juncture. Generally, a nonjudicial officer, such as a County Prothonotary or clerk, then enter[s] judgment in conformity with the confession that enjoys all the qualities of a judgment on a verdict. **A federal court may also enter a judgment by confession provided it has subject matter jurisdiction**.

---

[1] Although (a) the Settlement Agreement provides for a 10% late fee on the balance owed under the Settlement Agreement, along with attorneys' fees incurred in enforcement of the Confession of Judgment; and (b) the Guaranty Agreement provides for reasonable attorneys' fees and costs in the event that Plaintiffs are required to enforce the Guaranty Agreement in any judicial proceeding, Plaintiffs are not seeking a late fee, attorneys' fees, or costs at this time. However, Plaintiffs do not waive their rights to these amounts under the Settlement Agreement and Guaranty Agreement. *See* Ex. B at §§ 6.06, 6.08, 8.02; Ex. E at §§ 5, 7. Rather, Plaintiffs explicitly reserve the right to seek additional amounts from Defendants.

> **Once entered, the judgment may be challenged, but remains in effect as a judicial lien in the interim**.

*In re Butko*, 624 B.R. 338, 375 (Bankr. W.D. Pa. 2021) (emphasis added) (internal quotation marks omitted) (recognizing that "[t]he entry of judgment by the Prothonotary is a ministerial act"); *see also Complete Bus. Sols. Group, Inc. v. HMC, Inc.*, No. CV 19-2777, 2019 WL 4858273, at *2 (E.D. Pa. Oct. 2, 2019) ("A confession of judgment is a Pennsylvania procedure that lets a plaintiff obtain a judgment while skipping almost all the steps in an ordinary litigation. . . . After the court enters a confession of judgment, the defendant's only remedy is to move to strike or open the judgment.").

## COUNT I
## CONFESSION OF JUDGMENT FOR MONEY – SETTLEMENT AGREEMENT
### (Against all Defendants)

45.     Plaintiffs incorporate paragraphs 1 through 44 as fully as though the same were set forth herein at length.

46.     Pursuant to Sections 6.08 and 6.09 of the Settlement Agreement, Plaintiffs are authorized to confess judgment against Defendants in the amount of $2,100,000, less any payments made under the Settlement Agreement, plus a 10% late fee on the balance owed under the Settlement Agreement, along with attorneys' fees incurred in enforcement of the Confession of Judgment. *See* Ex. B.

47.     Judgment for outstanding payments and other sums due under the Settlement Agreement has not previously been entered against Defendants on the Settlement Agreement in any jurisdiction for the debt here demanded. *See* Bradford Default Declaration at ¶ 14.

48.     The Settlement Agreement has not been assigned. *See id*. at ¶ 10.

49.     Judgment for outstanding payments and other sums due under the Settlement Agreement is not being entered by a confession against a natural person in connection with a

consumer credit transaction or a residential lease transaction. *See id*. at ¶ 15; Bradford Statutory

Declaration at ¶ 3.

50.    The Settlement Agreement was based upon a commercial transaction. *See* Bradford

Default Declaration at ¶ 16; Bradford Statutory Declaration at ¶ 4.

51.    An Event of Default pursuant to the Settlement Agreement has occurred, as averred

in the foregoing paragraphs of this Complaint. *See* Bradford Default Declaration at ¶ 17.

52.    All conditions precedent to the entry of judgment for money have occurred and

entry of judgment is authorized under L. Civ. R. 56.1 without leave of court. *See id*. at ¶ 18.

53.    Upon information and belief, Blatstein is not in the military service of the United

States, nor any state or territory thereof or its Allies as defined in the Soldiers' and Sailors' Civil

Relief Act of Congress of 1946 and the amendments thereto. *See id*. at ¶ 19; Bradford Statutory

Declaration at ¶ 5.

54.    The Warrant of Attorney under the Settlement Agreement does not require

Plaintiffs to make any further demand prior to the entry of judgment for money.

## COUNT II
## CONFESSION OF JUDGMENT FOR MONEY –
## CONFESSION OF JUDGMENT AGREEMENT
## (Against all Defendants)

55.    Plaintiffs incorporates paragraph 1 through 44 as fully as though the same were set

forth herein at length.

56.    Pursuant to the Confession of Judgment Agreement, Plaintiffs are authorized to

confess judgment against Defendants in the amount of $2,100,000.00, less any payments made

pursuant to the Settlement Agreement. *See* Ex. D.

57.    Judgment for outstanding payments and other sums due under the Confession of

Judgment Agreement has not previously been entered against Defendants on the Confession of

Judgment Agreement in any jurisdiction for the debt here demanded. *See* Bradford Default Declaration at ¶ 14.

58.    The Confession of Judgment Agreement has not been assigned. *See id*. at ¶ 11.

59.    Judgment for outstanding payments and other sums due under the Confession of Judgment Agreement is not being entered by a confession against a natural person in connection with a consumer credit transaction or a residential lease transaction. *See id*. at ¶ 15; Bradford Statutory Declaration it at ¶ 3.

60.    The Confession of Judgment Agreement was Declaration upon a commercial transaction. *See* Bradford Default Declaration at ¶ 16; Bradford Statutory Declaration at ¶ 4.

61.    An Event of Default pursuant to the Settlement Agreement has occurred, as averred in the foregoing paragraphs of this Complaint. *See* Bradford Default Declaration at ¶ 17.

62.    All conditions precedent to the entry of judgment for money have occurred and entry of judgment is authorized under L. Civ. R. 56.1 without leave of court. *See id*. at ¶ 18.

63.    Upon information and belief, Blatstein is not in the military service of the United States, nor any state or territory thereof or its Allies as defined in the Soldiers' and Sailors' Civil Relief Act of Congress of 1946 and the amendments thereto. *See id*. at ¶ 19; Bradford Statutory Declaration at ¶ 5.

64.    The Warrant of Attorney under the Confession of Judgment Agreement does not require Plaintiffs to make any further demand prior to the entry of judgment for money.

### COUNT III
### <u>CONFESSION OF JUDGMENT FOR MONEY – GUARANTY AGREEMENT</u>
### <u>(Against Defendant Bart Blatstein)</u>

65.    Plaintiffs incorporate paragraphs 1 through 44 as fully as though the same were set forth herein at length.

66.    An Event of Default pursuant to the Settlement Agreement has occurred, as averred in the foregoing paragraphs of this Complaint. *See* Bradford Default Declaration at ¶ 17.

67.    Pursuant to Section 4 of the Guaranty Agreement, Plaintiffs are permitted to confess judgment against Blatstein in the amount of $2,100,000, less any payments made under the Guaranty Agreement. *See* Ex. E.

68.    Pursuant to Section 5 of the Guaranty Agreement, "[i]f [Plaintiffs] are required to enforce this Guaranty Agreement in any judicial proceeding, [Blatstein] must reimburse [Plaintiffs] for their reasonable attorneys' fees and costs." *Id.*; *see also* Ex. B at §§ 6.06, 8.02.

69.    Judgment for outstanding payments and other sums due under the Guaranty Agreement has not previously been entered against Blatstein on the Guaranty Agreement in any jurisdiction for the debt here demanded. *See* Bradford Default Declaration at ¶ 14.

70.    The Guaranty Agreement has not been assigned. *See id.* at ¶ 12.

71.    Judgment for outstanding payments and other sums due under the Guaranty Agreement is not being entered by a confession against a natural person in connection with a consumer credit transaction or a residential lease transaction. *See id.* at ¶ 15; Bradford Statutory Declaration at ¶ 3.

72.    The Guaranty Agreement was based upon a commercial transaction. *See* Bradford Default Declaration at ¶ 16; Bradford Statutory Declaration at ¶ 4.

73.    All conditions precedent to the entry of judgment for money have occurred and entry of judgment is authorized under L. Civ. R. 56.1 without leave of court. *See* Bradford Default Declaration at ¶ 18.

74.    Upon information and belief, Blatstein is not in the military service of the United States, nor any state or territory thereof or its Allies as defined in the Soldiers' and Sailors' Civil

Relief Act of Congress of 1946 and the amendments thereto. *See id*. at ¶ 19; Bradford Statutory

Declaration at ¶ 5.

75.     The Warrant of Attorney under the Guaranty Agreement does not require Plaintiffs

to make any further demand prior to the entry of judgment for money.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ACSB Entertainment LLC and ACSB Hospitality LLC

(together, "Plaintiffs") demand judgment in their favor against Defendants Showboat Properties

LLC, Premier Lite Tower LLC, ACSB Restaurant LLC, and Bart Blatstein as follows:

|  | |
|---|---|
| **Principal Sum:** | **$1,600,000.00** |
| **Total:** | **$1,600,000.00** |

By virtue of the Warrants of Attorney, Plaintiffs are entitled to immediate entry of

judgment against Defendants in the amount of $1,600,000.00.

**FOX ROTHSCHILD LLP**

*/s/ Theodore H. Jobes, Esq.*
Theodore H. Jobes, Esq.
Brooke Hurlbrink, Esq.
Attorney ID Nos. 62165; 332522
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150
*Attorneys for Plaintiffs*
*ACSB Entertainment LLC*
*ACSB Hospitality LLC*

Dated: February 12, 2025

# **EXHIBIT A**

Search    Results    Select
Documents

# Business Entity Documents

You have selected 2 businesses for which you wish to receive documents. For each of these businesses, please select the documents you wish to purchase. If you do not wish to order any of the documents listed, click the "Go Back" button below to modify your selection. For more information regarding the availability of specific documents, please read the important notes below.

| Business Name | Document Name | Filing Year | Order Certified Copy | Order Non-certified Copy |
|---|---|---|---|---|
| ACSB RESTAURANT LLC | ORIGINAL CERTIFICATE | 2016 | ☐ | ☑ |
| | ALTERNATE NAME FILING | 2017 | ☐ | ☐ |
| | ALTERNATE NAME FILING | 2017 | ☐ | ☐ |
| | ALTERNATE NAME FILING | 2017 | ☐ | ☐ |
| | ALTERNATE NAME FILING | 2017 | ☐ | ☐ |
| | ALTERNATE NAME FILING | 2017 | ☐ | ☐ |
| | ALTERNATE NAME FILING | 2017 | ☐ | ☐ |
| | REINSTATED (ANNUAL REPORTS) | 2020 | ☐ | ☐ |
| | ALTERNATE NAME FILING | 2021 | ☐ | ☐ |
| | ALTERNATE NAME FILING | 2021 | ☐ | ☐ |
| | ALTERNATE NAME FILING | 2021 | ☐ | ☐ |
| | ALTERNATE NAME FILING | 2022 | ☐ | ☐ |
| | REINSTATED (ANNUAL REPORTS) | 2023 | ☐ | ☑ |
| | ALTERNATE NAME RENEWAL | 2023 | ☐ | ☑ |
| ACSB RESTAURANT GROUP LLC | ORIGINAL CERTIFICATE | 2016 | ☐ | ☑ |

Copies of some of the charter documents, particularly those filed before June 1988 and recently filed documents (filed less than 20 work days from the current date), may not be available for online download.

For older filings, review the following link for instructions to order copies of documents: http://www.nj.gov/treasury/revenue/copiesentities.shtml
For recent filings, allow 20 work days from the estimated filing date, revisit this service center periodically, search for the business again and build a current list of filings for the business. Repeat this procedure until the document shows on the list of documents available for download.

Add To Cart    **Back**

Cancel Search

---

## Support

Help & FAQs (Frequently Asked Questions)
Division of Revenue and Enterprise Services

## Policies & Procedures

Privacy Policy
Accessibility Policy
Security Policy
Legal Statements & Disclaimers

---

Division of Revenue and Enterprise Services
P.O. (Post Office) Box 450
Trenton, N.J. (New Jersey) 08646-0303

NEW JERSEY DEPARTMENT OF THE TREASURY
DIVISION OF REVENUE AND ENTERPRISE SERVICES

### CERTIFICATE OF FORMATION

### ACSB RESTAURANT GROUP LLC
### 0450087356

The above-named DOMESTIC LIMITED LIABILITY COMPANY was duly filed in accordance with New Jersey State Law on 06/30/2016 and was assigned identification number 0450087356. Following are the articles that constitute its original certificate.

1. **Name:**
   ACSB RESTAURANT GROUP LLC

2. **Registered Agent:**
   BART BLATSTEIN

3. **Registered Office:**
   801 BOARDWALK
   ATLANTIC CITY, NEW JERSEY 08401

4. **Business Purpose:**
   THE COMPANY IS FORMED FOR THE PURPOSE OF, AND THE NATURE OF THE BUSINESS TO BE CONDUCTED AND PROMOTED BY THE COMPANY IS, ENGAGING IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH LIMITED LIABILITY COMPANIES MAY BE FORMED UNDER THE ACT AND ENGAGING IN ANY AND ALL ACTIVITIES NECESSARY TO THE FOREGOING.

5. **Duration:**
   PERPETUAL

6. **Effective Date of this Filing is:**
   06/30/2016

7. **Members/Managers:**
   SHOWBOAT RENAISSANCE LLC
   801 BOARDWALK
   ATLANTIC CITY, NEW JERSEY 08401


   NJSBLL LLC
   14 SCENIC DRIVE
   DAYTON, NEW JERSEY 08810

8. **Main Business Address:**
   801 BOARDWALK
   ATLANTIC CITY, NEW JERSEY 08401

   **Signatures:**

   BART BLATSTEIN
   AUTHORIZED REPRESENTATIVE

## NEW JERSEY DEPARTMENT OF THE TREASURY
## DIVISION OF REVENUE AND ENTERPRISE SERVICES

### CERTIFICATE OF FORMATION

### ACSB RESTAURANT GROUP LLC
### 0450087356



*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal 30th day of June, 2016*

*Ford M. Scudder*
*Acting State Treasurer*

*Certificate Number : 4017470882*
*Verify this certificate online at*
*https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp*

## STATE OF NEW JERSEY
## DEPARTMENT OF THE TREASURY
## DIVISION OF REVENUE AND ENTERPRISE SERVICES
## CERTIFICATE OF REINSTATEMENT

### ACSB RESTAURANT LLC
*0450085972*

WHEREAS the above-named business entity did on the 8th day of June, 2023, satisfy all requirements for reinstatement as set forth in the laws of this State, I, the Treasurer of the State of New Jersey do hereby issue this certificate authorizing the same to continue its business and resume the exercise of its functions.

**Registered Agent and Office**

BART BLATSTEIN
801 BOARDWALK
ATLANTIC CITY, NJ 08401

**Main Business Address**

801 BOARDWALK
ATLANTIC CITY, NJ 08401

**Officers and Directors**

PRESIDENT
Bart Blatstein
801 Boardwalk
Atlantic City, NJ 08401



*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, this 8th day of June, 2023*

*Certificate Number : 2714578158*
*Verify this certificate online at*
*https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp*

*Elizabeth Maher Muoio*
*State Treasurer*

### NEW JERSEY DEPARTMENT OF THE TREASURY
### DIVISION OF REVENUE AND ENTERPRISE SERVICES
### CERTIFICATE OF RENEWAL OF ALTERNATE NAME

## ACSB RESTAURANT LLC
## 0450085972

I, the Treasurer of the State of New Jersey, do hereby certify that the above-name did on the 31st of August, 2023, file and record in this department a Certificate of Renewal of Alternate Name.

**1. Business Name:** ACSB RESTAURANT LLC

**2. New Jersey Business Entity ID:** 0450085972

**3. Alternate Names Renewed:**

    **Name:** 12 HOUR BAR
    **Alternate Name is Valid Until:** 08/23/2027

    **Name:** ACE
    **Alternate Name is Valid Until:** 06/08/2027

    **Name:** POOL BAR
    **Alternate Name is Valid Until:** 06/08/2027

    **Name:** SPIRIT BAR
    **Alternate Name is Valid Until:** 04/02/2028

    **Name:** WORSHIP
    **Alternate Name is Valid Until:** 06/08/2027

    **Signature and Title**
    MARITZA MARTINEZ, DIRECTORS

**NEW JERSEY DEPARTMENT OF THE TREASURY**
**DIVISION OF REVENUE AND ENTERPRISE SERVICES**
**CERTIFICATE OF RENEWAL OF ALTERNATE NAME**

**ACSB RESTAURANT LLC**
**0450085972**



*IN TESTIMONY WHEREOF, I have*
*hereunto set my hand and affixed*
*my Official Seal at Trenton, this*
*31st day of August, 2023*

*Elizabeth M. Muoio*
*State Treasurer*

*Certificate Number : 4218688714*

*Verify this certificate online at*

*https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp*

# NEW JERSEY DEPARTMENT OF THE TREASURY
## DIVISION OF REVENUE AND ENTERPRISE SERVICES

### CERTIFICATE OF FORMATION

### ACSB RESTAURANT LLC
### 0450085972

The above-named DOMESTIC LIMITED LIABILITY COMPANY was duly filed in accordance with New Jersey State Law on 06/24/2016 and was assigned identification number 0450085972. Following are the articles that constitute its original certificate.

1. **Name:**
   ACSB RESTAURANT LLC

2. **Registered Agent:**
   BART BLATSTEIN

3. **Registered Office:**
   801 BOARDWALK
   ATLANTIC CITY, NEW JERSEY 08401

4. **Business Purpose:**
   THE COMPANY IS FORMED FOR THE PURPOSE OF, AND THE NATURE OF THE BUSINESS TO BE CONDUCTED AND PROMOTED BY THE COMPANY IS, ENGAGING IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH LIMITED LIABILITY COMPANIES MAY BE FORMED UNDER THE ACT AND ENGAGING IN ANY AND ALL ACTIVITIES NECESSARY TO THE FOREGOING.

5. **Duration:**
   PERPETUAL

6. **Effective Date of this Filing is:**
   06/24/2016

7. **Main Business Address:**
   801 BOARDWALK
   ATLANTIC CITY, NEW JERSEY 08401

   **Signatures:**

   BART BLATSTEIN
   AUTHORIZED REPRESENTATIVE



*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal 24th day of June, 2016*

*Ford M. Scudder*
*Acting State Treasurer*

Certificate Number : 4017194024
Verify this certificate online at
https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp

**Department of State: Division of Corporations**

Allowable Characters

HOME

| | Entity Details |
|---|---|

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| File Number: | 7248556 | Incorporation Date / Formation Date: | 1/20/2023 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | PREMIER LITE TOWER LLC | | |
| Entity Kind: | Limited Liability Company | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| Name: | REGISTERED AGENT SOLUTIONS, INC. | | |
|---|---|---|---|
| Address: | 838 WALKER ROAD SUITE 21-2 | | |
| City: | DOVER | County: | Kent |
| State: | DE | Postal Code: | 19904 |
| Phone: | 888-716-7274 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status  ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]              [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

DocuSign Envelope ID: 0626A550-3069-4C0D-8B2B-07058A4A1BD6

**STATE OF NEW JERSEY**
PO Box 308
Trenton, NJ 08646

**DIVISION OF REVENUE AND ENTERPRISE SERVICES**

Overnight to:
33 West State St 5th FL
Trenton, NJ 08608

FEE REQUIRED          **PUBLIC RECORDS FILING FOR NEW BUSINESS ENTITY**

Fill out all information below INCLUDING INFORMATION FOR ITEM 11, and sign in the space provided. Please note that once filed, this form constitutes your original certificate of incorporation/formation/registration/authority, and the information contained in the filed form is considered public. Refer to the instructions for delivery/return options, filing fees and field-by-field requirements. Remember to remit the appropriate fee amount. Use attachments if more space is required for any field, or if you wish to add articles for the public record.

| | |
|---|---|
| 1. | **Business Name:**<br>Premier Lite Tower LLC |

| | | | |
|---|---|---|---|
| 2. | **Type of Business Entity:** F  L  C<br>(See instructions for Codes, Page 21, Item 2) | 3. | **Business Purpose:** Real Estate<br>(See instructions for Codes, Page 21, Item 3) |

| | | | |
|---|---|---|---|
| 4. | **Stock** (Domestic Corporations only; LLCs and Non-Profits leave blank | 5. | **Duration** (If Indefinite or Perpetual, leave blank): |

| | | | |
|---|---|---|---|
| 6. | **State of Formation/Incorporation** (Foreign Entities Only):<br>Delaware | 7. | **Date of Formation/Incorporation** (Foreign Entities Only):<br>01/20/2023 |

**8. Contact Information:**

Registered Agent Name  C T Corporation System

Registered Office:                                    Main Business or Principal Business Address:
(Must be a New Jersey street address)

Street 820 Bear Tavern Road                          Street 1502 Locust Street

City Trenton              Zip 08628                  City Philadelphia      State PA    Zip 19102

**9. Management** (Domestic Corporations and Limited Partnerships Only)
- For-Profit and Professional Corporations list initial Board of Directors, minimum of 1;
- Domestic Non-Profits list Board of Trustees, minimum of 3;
- Limited Partnerships list all General Partners.

| Name | Street Address | City | | Zip |
|---|---|---|---|---|
| | | | | |
| | | | | |

**FILED**

**FEB 24 2023**

**STATE TREASURER**

0600479783

| The signatures below certify that the business entity has complied with all applicable filing requirements pursuant to the laws of the State of New Jersey. |
|---|

**10. Incorporators** (Domestic Corporations Only, minimum of 1)

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|
| | | | | |
| | | | | |

**Signature(s) for the Public Record** (See instructions for information on Signature Requirements)

| Signature | Name | Title | Date |
|---|---|---|---|
| DocuSigned by:<br>*[signature]*<br>201843A02270419... | Barton Blatstein | President | 2/24/2023 |

-23-

NJ080 - 11/17/2022 Wolters Kluwer Online

DocuSign Envelope ID: 7C8418C5-BDFE-4877-A2A3-31D3DC8A675F

PREMIER LITE TOWER LP
801 Boardwalk
Atlantic City, New Jersey 08401

February 23, 2023

To Whom It May Concern:

Please accept this letter as consent under N.J.S.A. §42:2C-8 by Premier Lite Tower LP, a New Jersey limited partnership, to Premier Lite Tower LLC, a Delaware limited liability company, to register and conduct business within the State of New Jersey under the name "Premier Lite Tower LLC".

Thank you,

**PREMIER LITE TOWER LP,**
a New Jersey limited partnership

By: PREMIER LITE GENPAR INC.,
a New Jersey corporation, its general partner

By: _____
Name: Barton Blatstein
Title: President

Delaware.gov

Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

Allowable Characters

HOME

| | Entity Details |
|---|---|

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | 6953058 | Incorporation Date / Formation Date: | 8/5/2022 (mm/dd/yyyy) |
| Entity Name: | SHOWBOAT PROPERTIES LLC | | |
| Entity Kind: | Limited Liability Company | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | REGISTERED AGENT SOLUTIONS, INC. | | |
| Address: | 838 WALKER ROAD SUITE 21-2 | | |
| City: | DOVER | County: | Kent |
| State: | DE | Postal Code: | 19904 |
| Phone: | 888-716-7274 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ⭘ Status ⭘ Status,Tax & History Information

[ Submit ]

[ View Search Results ]      [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

**NEW JERSEY DEPARTMENT OF THE TREASURY**
**DIVISION OF REVENUE AND ENTERPRISE SERVICES**

## CERTIFICATE OF REGISTRATION

### SHOWBOAT PROPERTIES LLC
### 0450846953

The above-named FOREIGN LIMITED LIABILITY COMPANY was duly filed in accordance with New Jersey State Law on 08/08/2022 and was assigned identification number 0450846953. Following are the articles that constitute its original certificate.

1. **Name:**
   SHOWBOAT PROPERTIES LLC

2. **Registered Agent:**
   REGISTERED AGENT SOLUTIONS, INC

3. **Registered Office:**
   208 WEST STATE STREET
   TRENTON, NEW JERSEY 08608

4. **Business Purpose:**
   REAL ESTATE

5. **Incorporated Under the Laws of:**
   DELAWARE ON 08/05/2022

6. **Effective Date of this filing is:**
   08/08/2022

7. **Main Business Address:**
   1520 LOCUST STREET SUITE 300
   PHILADELPHIA, PENNSYLVANIA 19102

   **Signatures:**

   BART BLATSTEIN
   AUTHORIZED REPRESENTATIVE



Certificate Number : 4180726733
Verify this certificate online at
https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp

*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal 8th day of August, 2022*

Elizabeth Maher Muoio
State Treasurer

# **EXHIBIT B**

**THE AMERICAN ARBITRATION ASSOCIATION**

|  |  |
|---|---|
| SHOWBOAT PROPERTIES, LLC and PREMIER LITE TOWER, LLC, and ACSB RESTAURANT LLC | |
| Claimants, | AAA Case No. 01-23-0002-4976 |
| v. | |
| ACSB HOSPITALITY LLC and ACSB ENTERTAINMENT LLC | |
| Respondents. | |

|  |  |
|---|---|
| ACSB HOSPITALITY LLC | **SUPERIOR COURT OF NEW JERSEY** LAW DIVISION ATLANTIC COUNTY |
| Plaintiff, | Docket No. ATL-L-1115-23 |
| v. | Civil Action |
| THINK HOSPITALITY LLC; THINK HOSPITALITY SHOWBOAT LLC | |
| Defendants. | |

## COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Compromise Settlement Agreement and Mutual General Release ("Settlement Agreement") is made and entered into by and among the Parties, as defined herein, and is effective

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

1

as of the Execution Date.

## I.    <u>PARTIES</u>

The parties to this Settlement Agreement are the following:

1.01.    Showboat Properties LLC, a Delaware limited liability company.

1.02.    Premier Lite Tower LLC, a Delaware limited liability company.

1.03.    ACSB Restaurant LLC, a New Jersey limited liability company.

1.04.    ACSB Hospitality LLC, a Maryland limited liability company.

1.05.    ACSB Entertainment LLC, a Delaware limited liability company.

1.06.    Think Hospitality LLC, a Florida limited liability company.

1.07.    Think Hospitality Showboat LLC, a Florida limited liability company.

1.08.    Bart Blatstein, an individual.

## II.    <u>DEFINITIONS</u>

2.01.    "ACSB Entertainment" means ACSB Entertainment LLC, a Delaware Limited Liability company.

2.02.    "ACSB Hospitality" means ACSB Hospitality LLC, a Maryland limited liability company.

2.03.    "ACSB Restaurant" means ACSB Restaurant LLC, a New Jersey limited liability company.

2.04.    "Blatstein" shall mean Bart Blatstein.

2.05.    "PLTLLC" means Premier Lite Tower, LLC, a Delaware limited liability company.

2.06.    "SP LLC" means Showboat Properties, LLC, a Delaware limited liability company.

2.07.    "TH LLC" means Think Hospitality LLC, a Florida limited liability company.

2.08.    "THS LLC" means Think Hospitality Showboat LLC, a Florida limited liability company.

2.09.    "Parties" means SP LLC, PLT LLC, ACSB Restaurant, ACSB Hospitality, ACSB Entertainment, TH LLC, THS LLC, and Blatstein.   The Parties may be referred to individually as a "Party."

2.10.    "Arbitration" means *Showboat Properties, LLC, Premier Lite Tower LLC, and ACSB Restaurant LLC v. ACSB Hospitality LLC and ACSB Entertainment LLC*, AAA Case Ref. No. 01-23-0002-4976, before the American Arbitration Association

2.11.    "Arcade Agreement" means the June 29, 2022, management agreement between ACSB Restaurant and ACSB Entertainment to provide for and manage the operations of the Lucky Snake in the Showboat Hotel.

2.12.    "Agreed Award" means the proposed Agreed Arbitration Award, in the form attached hereto as **Exhibit A**, for the total settlement amount of $2,100,000.00 entered under pending case No. 01-23-0002-4976.

2.13.    "Blatstein Releasees" shall mean Blatstein, together with his attorneys, agents, representatives, assigns, successors, and all persons, natural or corporate, in privity with Blatstein.

2.14.    "Claimants" shall mean SP LLC, PLT LLC, and ACSB Restaurant.

2.15.    "Claimants Releasees" shall mean Claimants, together with their respective principals, past or present officers, directors, shareholders, managers, members, partners, employees, attorneys, agents, representatives, subsidiaries, partnerships, parent entities, participants, heirs, assigns, insurance carriers, successors, estates, trustees, affiliated or associated entities of whatever kind, and all persons, natural or corporate, in privity with them.

2.16.    "Confession of Judgment" means the Confession of Judgment, in the form attached hereto as **Exhibit B**, in the amount of $2,100,000.00 to be executed by Claimants.

2.17.    "Execution Date" means the date on which the last signature of the Parties is obtained on this Settlement Agreement.

2.18.    "Event of Default" shall mean any failure to pay an amount required under the payment schedule specified in Paragraph 6.02. Upon the occurrence of an Event of Default, Respondents may provide notice of such default to Claimants by sending notice in accordance with the provisions of Paragraph 6.05 of this Settlement Agreement. Claimants shall have fifteen (15) days from the date of delivery of such notice within which to cure such default.

2.19.    "Guaranty Agreement" means the Guaranty Agreement, in the form attached hereto as **Exhibit C**, under which Blatstein guarantees the payment of the total settlement amount of $2,100,000.00.

2.20.    "HMA" means the June 2, 2016, management agreement between ACSB Hospitality and Showboat Renaissance LLC for the management of the Showboat Hotel and any amendments thereto.

2.21.    "Litigation" means the Arbitration and State Court Case.

2.22.    "Lucky Snake" means the Arcade and Entertainment Center located within the Showboat Hotel.

2.23.    "PLT Property" means the Premier Lite Tower residences located at 810 Pacific, Atlantic City, NJ 08401.

2.24.    "Premier Agreement" means the May 1, 2016, management agreement between ACSB Hospitality and Premier to provide certain hotel and residential building management

services at the PLT Property.

2.25.   "Respondents" shall mean ACSB Hospitality and ACSB Entertainment.

2.26.   "Respondents Releasees" shall mean Respondents, together with their respective principals, past or present officers, directors, shareholders, managers, members, partners, employees, attorneys, agents, representatives, subsidiaries, partnerships, parent entities, participants, heirs, assigns, insurance carriers, successors, estates, trustees, affiliated or associated entities of whatever kind, and all persons, natural or corporate, in privity with them.

2.27.   "Settlement Agreement" means this Compromise Settlement Agreement and Mutual General Release, including all attached exhibits, which are expressly incorporated into this Settlement Agreement as if set forth fully herein.

2.28.   "Showboat Hotel" means the Showboat Hotel, located at 801 Boardwalk, Atlantic City, NJ 08401.

2.29.   "State Court Case" means *ACSB Hospitality LLC v. Think Hospitality LLC*; *Think Hospitality Showboat LLC*, Docket No. ATL-L-1115-23 in the Superior Court of New Jersey.

2.30.   "Stipulation of Dismissal With Prejudice" means the Stipulation of Dismissal with Prejudice of the State Court Case, in the form attached hereto as **Exhibit D**.

2.31.   "Think Defendants" shall mean TH LLC and THS LLC.

2.32.   "Think Releasees" shall mean Think Defendants, together with their respective principals, past or present officers, directors, shareholders, managers, members, partners, employees, attorneys, agents, representatives, subsidiaries, partnerships, parent entities, participants, heirs, assigns, insurance carriers, successors, estates, trustees, affiliated or associated entities of whatever kind, and all persons, natural or corporate, in privity with them.

## III.    <u>RECITALS</u>

3.01.    On June 2, 2016, ACSB Hospitality entered into the HMA with Showboat Renaissance LLC for the management of the Showboat Hotel.

3.02.    On May 1, 2021, ACSB Hospitality entered into the Premier Agreement with PLT LLC to provide certain hotel and residential building management services at the PLT Property.

3.03.    On June 29, 2022, ACSB Restaurant entered into the Arcade Agreement with ACSB Entertainment to provide for and manage operations of the Lucky Snake within the Showboat Hotel.

3.04.    In 2023, a dispute arose between SP LLC, PLT LLC, and ACSB Restaurant against ACSB Hospitality and ACSB Entertainment, arising out of and relating to the HMA, Premier Agreement, and Arcade Agreement.

3.05.    On June 5, 2023, pursuant to the HMA's mandatory arbitration provision, SP LLC and PLT LLC filed the initial demand against ACSB Hospitality in the Arbitration.

3.06.    On September 20, 2023, SP LLC, PLT LLC, and ACSB Restaurant filed their amended demand for arbitration against ACSB Hospitality and ACSB Entertainment.

3.07.    On June 9, 2023, ACSB Hospitality filed a complaint in the Superior Court of New Jersey against TH LLC and THS LLC in the State Court Case.

3.08.    The Parties now desire to settle the Litigation.

3.09.    By executing this Settlement Agreement, no Party hereto concedes any legal or factual contentions of the other Party, but specifically denies same and enters into this Settlement Agreement solely to terminate and settle the Litigation in an effort to minimize costs, expenses, attorneys' fees, and, most of all, for peace.

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

3.10.    The Parties have negotiated and reached this Settlement Agreement in good faith, each represented by counsel.

## IV.    SCOPE OF SETTLEMENT AGREEMENT

4.01.    Bona fide disputes and controversies exist, both as to the fact and extent of liability, if any, and as to the fact and extent of damages, if any. By reason of such disputes and controversies, and in order to avoid the expense and inconvenience of further litigation, the Parties desire to settle all claims, causes of action, contentions, and allegations that have been or could be asserted against each of them in the Litigation.

4.02.    The Parties intend the full terms and conditions of the compromise and settlement to be set forth in this Settlement Agreement.

4.03.    In consideration of the agreements, representations, and warranties contained within this Settlement Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## V.    REPRESENTATIONS AND WARRANTIES

The following representations and warranties shall survive the execution of this Settlement Agreement and the completion of the settlement provided below:

### Capacity and Authority

5.01.    The Parties to this Settlement Agreement warrant and represent that they have the power, authority, and capacity to enter into this Settlement Agreement and that this Settlement Agreement and all documents to which they are parties delivered pursuant hereto are valid, binding, and enforceable upon them.

**No Assignment**

5.02.    The Parties warrant and represent that they own the claim or claims released in this Settlement Agreement and that no part of their claim or claims has been assigned or transferred to any other person or entity.

## VI.    SETTLEMENT TERMS

In reliance upon the representations, warranties, and covenants in this Settlement Agreement, the Parties have settled and compromised all claims and causes of action in the Litigation by agreeing to the following:

**Payment to Respondents**

6.01.    Claimants shall cause payment to be made to Respondents in the total sum of TWO-MILLION AND ONE-HUNDRED THOUSAND U.S. DOLLARS ($2,100,000.00) in accordance with the following payment schedule.

6.02.    Claimants shall make the following payments to Respondents:

- $250,000.00 on or before the Execution Date;

- $250,000.00 on or before December 31, 2024;

- $350,000.00 on or before June 30, 2025;

- $350,000.00 on or before December 30, 2025;

- $350,000.00 on or before June 30, 2026;

- $350,000.00 on or before December 30, 2026;

- $200,000.00 on or before June 30, 2027.

6.03.    All payments required under the terms of this Settlement Agreement shall be made via wire transfer to the following account:

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

**For Wire Transfers:**
Beneficiary Account Name: REMINGTON HOTELS LLC OPERATING ACCOUNT
Beneficiary Account Number: 8806398416
Beneficiary Bank Name: JPMORGAN CHASE BANK, N.A. - TEXAS
Beneficiary Bank Swift BIC: CHASUS33
Beneficiary Bank Routing Number: 021000021

**For ACH Credit:**
Account Name: REMINGTON HOTELS LLC OPERATING ACCOUNT
Account Number: 8806398416
Bank Routing Number: 111000614

6.04.    Upon the occurrence of an Event of Default, Respondents may provide notice of such default to Claimants by sending notice in accordance with the provisions of Paragraph 6.05 of this Settlement Agreement. Claimants shall have fifteen (15) days from the date of delivery of such notice within which to cure such default.

6.05.    All notices to Claimants required or permitted to be given hereunder, or which are to be given with respect to this Settlement Agreement, will be in writing sent by a reputable overnight delivery service or by email transmission provided that a simultaneous copy of the email transmission is sent via overnight delivery addressed to the party to be so notified as set forth directly below. Any notice will be deemed delivered when received or receipt rejected. Notices may also be delivered by hand, or by special courier, if, in either case, receipt is acknowledged by the addressee. Any notice delivered by hand, or by special courier, will be deemed delivered when received.

Mr. Bart Blatstein
1520 Locust Street, Suite 300
Philadelphia, PA 19102
Email: bblatstein@towerdev.com

*With a copy to:*

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

John F. Palladino, Esq.
HANKIN SANDMAN PALLADINO WEINTROB & BELL
30 S. New York Avenue
Atlantic City, NJ   08401
E-mail:   john@hankinsandman.com

6.06.    Blatstein shall guarantee each of the above-referenced payments by executing the

Guaranty Agreement in the form attached to this Settlement Agreement as **Exhibit C**.

### Confession of Judgment

6.07.    Claimants shall execute a Confession of Judgment, the form attached to this

Settlement Agreement as **Exhibit B**, in the amount of $2,100,000.00, such amount to be reduced

by the amount of all payments made under this Settlement Agreement.

6.08.    Should there be an Event of Default, Respondents may immediately enforce the

Confession of Judgment in the Commonwealth of Pennsylvania. Respondents shall be entitled to

a 10% late fee on the balance owed under this Settlement Agreement, along with attorneys' fees

incurred in enforcement of the Confession of Judgment.

6.09.    **CONFESSION OF JUDGMENT**. CLAIMANTS AND BLATSTEIN HEREBY

IRREVOCABLY   AUTHORIZE   AND   EMPOWER   ANY   ATTORNEY   OR   THE

PROTHONOTARY   OR   CLERK   OF   ANY   COURT   IN   THE   COMMONWEALTH   OF

PENNSYLVANIA   TO   APPEAR   AT   ANY   TIME   FOR   THEM   AFTER   AN   EVENT   OF

DEFAULT   UNDER   THIS   SETTLEMENT   AGREEMENT   AND   WITH   OR   WITHOUT

COMPLAINT   FILED,   CONFESS   OR   ENTER   JUDGMENT   AGAINST   CLAIMANTS   AND

BLATSTEIN   IN   THE   AMOUNT   OF   $2,100,000,   LESS   ANY   PAYMENTS   MADE   UNDER

THIS   SETTLEMENT   AGREEMENT,   ON   WHICH   JUDGMENT   EXECUTION   MAY   ISSUE

IMMEDIATELY;   AND   FOR   SO   DOING,   A   COPY   OF   THIS   SETTLEMENT   AGREEMENT

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED IN THIS SETTLEMENT AGREEMENT TO CONFESS JUDGMENT AGAINST CLAIMANTS AND BLATSTEIN SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS SETTLEMENT AGREEMENT AND THE AGREED AWARD. CLAIMANTS AND BLATSTEIN HEREBY WAIVE ANY RIGHT THEY MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATE THAT RESPONDENTS SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO THEIR ATTENTION AND THEY HAVE BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL. CLAIMANTS AND BLATSTEIN UNDERSTAND THAT THEY MAY SUBJECT CERTAIN OF THEIR ASSETS TO EXECUTION PRIOR TO A HEARING TO CONSIDER PROOF BY RESPONDENTS OF NON-PAYMENT OR OTHER EVENT OF DEFAULT ON THE PART OF THE CLAIMANTS. CLAIMANTS AND BLATSTEIN UNDERSTAND THAT THEY WILL NOT BE ABLE TO CHALLENGE A JUDGMENT ENTERED AS A RESULT OF THIS CONFESSION OF JUDGMENT EXCEPT BY PROCEEDING TO OPEN OR STRIKE THE JUDGMENT, AND SUCH A PROCEEDING MAY RESULT IN ATTORNEYS' FEES AND COSTS WHICH CLAIMANTS AND BLATSTEIN MAY HAVE TO PAY. PRIOR TO SIGNING THIS SETTLEMENT AGREEMENT, CLAIMANTS AND BLATSTEIN HAVE READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS SETTLEMENT AGREEMENT.

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

### Dismissal with Prejudice of the State Court Case

6.10.    Within five (5) days of the Execution Date, the Parties shall file, in the State Court Case, the Stipulation of Dismissal With Prejudice in the form attached to this Settlement Agreement as **Exhibit D**.

### Agreed Award in Arbitration

6.11.    Within five (5) days of the Execution Date, the Parties shall submit to the Arbitrator for entry an Agreed Award in the total amount of $2,100,000.00 entered under pending case No. 01-23-0002-4976, in the form attached hereto as **Exhibit A**.

### VII.    RELEASE OF CLAIMS

7.01.    Claimants hereby generally release and forever discharge the Respondents Releasees from any and all claims, grievances, sanctions, demands, and causes of action, of whatever kind or character, whether in law or in equity, which Claimants have or may have in the future, whether known or unknown, based upon the events that are the subject of the Litigation, including but not limited to all claims which have been or could have been asserted in the Litigation. This release is to be construed as the broadest form of general release and, except as expressly set forth herein, includes all claims, whether known or unknown, based upon any events that have occurred prior to the Execution Date.   Notwithstanding the foregoing description of the scope of this release, nothing herein should be construed as releasing any obligation or duty undertaken in this Settlement Agreement.

7.02.    Respondents hereby generally release and forever discharge the Claimants Releasees, the Blatstein Releasees, and the Think Releasees from any and all claims, grievances, sanctions, demands, and causes of action, of whatever kind or character, whether in law or in

equity, which Respondents have or may have in the future, whether known or unknown, based upon the events that are the subject of the Litigation, including but not limited to all claims which have been or could have been asserted in the Litigation.   This release is to be construed as the broadest form of general release and, except as expressly set forth herein, includes all claims, whether known or unknown, based upon any events that have occurred prior to the Execution Date. Notwithstanding the foregoing description of the scope of this release, nothing herein should be construed as releasing any obligation or duty undertaken in this Settlement Agreement.

7.03.   Think Defendants hereby generally release and forever discharge the Respondents Releasees from any and all claims, grievances, sanctions, demands, and causes of action, of whatever kind or character, whether in law or in equity, which Think Defendants have or may have in the future, whether known or unknown, based upon the events that are the subject of the Litigation, including but not limited to all claims which have been or could have been asserted in the Litigation.   This release is to be construed as the broadest form of general release and, except as expressly set forth herein, includes all claims, whether known or unknown, based upon any events that have occurred prior to the Execution Date.   Notwithstanding the foregoing description of the scope of this release, nothing herein should be construed as releasing any obligation or duty undertaken in this Settlement Agreement.

7.04.   Blatstein hereby generally releases and forever discharges the Respondents Releasees from any and all claims, grievances, sanctions, demands, and causes of action, of whatever kind or character, whether in law or in equity, which Blatstein has or may have in the future, whether known or unknown, based upon the events that are the subject of the Litigation, including but not limited to all claims which have been or could have been asserted in the

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

Litigation.   This release is to be construed as the broadest form of general release and, except as expressly set forth herein, includes all claims, whether known or unknown, based upon any events that have occurred prior to the Execution Date.   Notwithstanding the foregoing description of the scope of this release, nothing herein should be construed as releasing any obligation or duty undertaken in this Settlement Agreement.

## VIII.   <u>ATTORNEYS' FEES</u>

8.01.   The Parties shall bear their own attorneys' fees and costs incurred in connection with the Litigation and in connection with this Settlement Agreement.

8.02.   Attorneys' fees shall be recoverable in accordance with with Paragraph 6.06 above.

## IX.   <u>MISCELLANEOUS</u>

9.01.   If any provision of this Settlement Agreement is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way.

9.02.   The Parties expressly warrant and represent and hereby state that no promise or agreement, which is not herein expressed, has been made to them in executing this Settlement Agreement; that they are not relying upon any statement or representation of any opposing Party or any opposing Party's agents or representatives; that they are relying on their own judgment in the execution of this Settlement Agreement; that they are knowingly waiving any claim that this Settlement Agreement was induced by any misrepresentations or nondisclosure; and that they are knowingly waiving any right to rescind, amend, or avoid this Settlement Agreement based upon presently existing facts, known or unknown.

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

9.03.    This Settlement Agreement shall continue perpetually and shall be binding upon the Parties and their successors and assigns, and shall inure to the benefit of the Parties and their successors and assigns.

9.04.    This Settlement Agreement represents the entire agreement among the Parties and supersedes all prior written or oral agreements, and the terms are contractual and not mere recitals.

9.05.    This Settlement Agreement may not be amended, altered, modified, or changed in any way except in writing signed by all the Parties.

9.06.    Each of the Parties expressly warrants that it has consulted legal counsel concerning the Litigation and the terms of this Settlement Agreement. Each of the Parties further expressly warrants that its counsel has explained the provisions of this Settlement Agreement, including all attachments and the scope of the releases contained herein. Each of the Parties expressly warrants that it fully understands the terms of this Settlement Agreement and that it signs this Settlement Agreement as its own free act.

9.07.    This Settlement Agreement has been prepared by the joint efforts of counsel for the Parties.

9.08.    This Settlement Agreement shall not in any manner constitute an admission of liability or wrongdoing on the part of any of the Parties. Each of the Parties expressly denies any such liability or wrongdoing. The Parties enter into this Settlement Agreement in compromise and settlement of the Litigation and for the sole purpose of avoiding further trouble and expense.

9.09.    This Settlement Agreement may be executed in counterparts with the same effect as if the signatures hereto and thereto were upon the same instrument.

9.10.    Delivery of an executed counterpart of this Settlement Agreement electronically

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

via pdf or by facsimile by a Party shall be effective as delivery of an original executed counterpart of this Settlement Agreement by such Party.

9.11.   Every exhibit, schedule, agreement, or other appendix attached to this Settlement Agreement and referred to herein is incorporated in this Settlement Agreement by reference.

9.12.   Each Party agrees to cooperate and, if necessary, execute additional documents or take additional actions to effectuate the terms and provisions of this Settlement Agreement.

## X.   NON-DISPARAGEMENT

10.01.  Claimants and Blatstein agree that they will not at any time make, publish or communicate to any person or entity or in any public forum any defamatory, disparaging, or maliciously false comments or statements concerning Respondents or their parent companies, or concerning the employees or officers of Respondents or their parent companies.

10.02.  Respondents agree that they will not at any time make, publish or communicate to any person or entity or in any public forum any defamatory, disparaging, or maliciously false comments or statements concerning Blatstein, Claimants or their parent companies, or concerning the employees or officers of Claimants or their parent companies.

## XI.   CONFIDENTIALITY

11.01.  Notwithstanding any provision herein to the contrary, the Parties represent and agree that, except as may be disclosed by mutual agreement of the Parties or as otherwise set forth in this Settlement Agreement, to the full extent permitted by law, they will keep the contents and terms of this Settlement Agreement completely confidential and will not hereafter disclose any information concerning this Agreement to any other party, with the exception that the Parties may disclose the information (1) as compelled pursuant to an order or subpoena of a court or

governmental agency; (2) to persons with a "need to know" with respect to corporate, financial, and legal matters, including, for examples, accountants who also agree to treat such information as confidential; or (3) as may otherwise be required by law. In the event that information regarding this Settlement Agreement is requested pursuant to a subpoena or other request pursuant to a subpoena or other request in connection with litigation, this Settlement Agreement or the terms of this Settlement Agreement may be voluntarily produced only if prior written notice has been given to the other Parties and the Settlement Agreement is properly designated under the provisions of a protective order or other court order restricting public disclosure.

11.02.  The above-referenced confidentiality provision shall not apply should there be an Event of Default.

**[Remainder of Page Intentionally Left Blank]**

**AGREED:**

**ACSB HOSPITALITY LLC**

By: _____
Name: Sloan Dean
Title: Chief Executive Officer

**ACKNOWLEDGMENT:**

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

BEFORE ME, the undersigned authority, on this date personally appeared Sloan Dean, the Chief Executive Officer of ACSB Hospitality LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal this __21__ day of __November__, 2024.

DINA BORTELL
Notary Public, State of Texas
Comm. Expires 09-03-2028
Notary ID 10291329

_____
Notary Public in and for the State of _Texas_

**ACSB ENTERTAINMENT LLC**

By: _____
Name: Sloan Dean
Title: Chief Executive Officer

**ACKNOWLEDGMENT:**

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

BEFORE ME, the undersigned authority, on this date personally appeared Sloan Dean the Chief Executive Officer of ACSB Entertainment LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

GIVEN under my hand and seal this *21* day of *November*, 2024.

*Dina Bortell*

Notary Public in and for the State of *Tx*

**SHOWBOAT PROPERTIES, LLC**

By: _____
Name:
Title:

**ACKNOWLEDGMENT:**

STATE OF _____                    §
                                        §
COUNTY OF _____                   §

BEFORE ME, the undersigned authority, on this date personally appeared _____, the _____ of Showboat Properties, LLC , known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal this ____ day of _____, 2024.

_____

Notary Public in and for the State of _____

**PREMIER LITE TOWER, LLC**

By: _____
Name:
Title:

**ACKNOWLEDGMENT:**

STATE OF _____                    §
                                        §
COUNTY OF _____                   §

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

19

GIVEN under my hand and seal this ____ day of _____, 2024.

_____

Notary Public in and for the State of _____

**SHOWBOAT PROPERTIES, LLC**

By: _____
Name: BART BLATSTEIN
Title: AUTH. SIGNATOR

**ACKNOWLEDGMENT:**

STATE OF Pennsylvania §
§
COUNTY OF Philadelphia §

BEFORE ME, the undersigned authority, on this date personally appeared BART BLATSTEIN the AUTHORIZED SIGNATORY of Showboat Properties, LLC , known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal this 27 day of NOVEMBER, 2024.

Commonwealth of Pennsylvania - Notary Seal
BRADLEY R. SLENN, Notary Public
Philadelphia County
My Commission Expires August 29, 2025
Commission Number 1320060

_____
Notary Public in and for the State of Pennsylvania

**PREMIER LITE TOWER, LLC**

By: _____
Name: _____
Title: AUTH. SIGNATOR

**ACKNOWLEDGMENT:**

STATE OF Pennsylvania §
§
COUNTY OF Philadelphia §

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

19

BEFORE ME, the undersigned authority, on this date personally appeared _BART BLATSTEIN_ the _AUTHORIZED SIGNATURE_ of Premier Lite Tower, LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal this _21_ day of _NOVEMBER_, 2024.

Commonwealth of Pennsylvania - Notary Seal
BRADLEY R. SLENN, Notary Public
Philadelphia County
My Commission Expires August 29, 2025
Commission Number 1320060

Notary Public in and for the State of _PENNSYLVANIA_

**ACSB RESTAURANT, LLC**

By: _____
Name: _BART BLATSTEIN_
Title: _AUTH. SIGNATURE_

**ACKNOWLEDGMENT:**

STATE OF _PENNSYLVANIA_                     §
                                            §
COUNTY OF _PHILADELPHIA_                     §

BEFORE ME, the undersigned authority, on this date personally appeared _BART BLATSTEIN_ the _AUTHORIZED SIGNATURE_ of ACSB Restaurant LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal this _27_ day of _NOVEMBER_, 2024.

Commonwealth of Pennsylvania - Notary Seal
BRADLEY R. SLENN, Notary Public
Philadelphia County
My Commission Expires August 29, 2025
Commission Number 1320060

Notary Public in and for the State of _PENNSYLVANIA_

**BART BLATSTEIN**
Individually

_____

**ACKNOWLEDGMENT:**

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

20

STATE OF _PENNSYLVANIA_                     §
                                           §
COUNTY OF _PHILADELPHIA_                    §

     BEFORE ME, the undersigned authority, on this date personally appeared Bart Blatstein, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

     GIVEN under my hand and seal this _27_ day of _November_ , 2024.

> Commonwealth of Pennsylvania - Notary Seal
> BRADLEY R. SLENN, Notary Public
> Philadelphia County
> My Commission Expires August 29, 2025
> Commission Number 1320060

Notary Public in and for the State of _Pennsylvania_

> Commonwealth of Pennsylvania - Notary Seal
> BRADLEY R. SLENN, Notary Public
> Philadelphia County
> My Commission Expires August 29, 2025
> Commission Number 1320060

**THINK HOSPITALITY LLC**

By: _____
Name:
Title:

**ACKNOWLEDGMENT:**

STATE OF _____                        §
                                           §
COUNTY OF _____                       §

     BEFORE ME, the undersigned authority, on this date personally appeared _____, the _____ of Think Hospitality LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

     GIVEN under my hand and seal this ____ day of _____, 2024.

_____
Notary Public in and for the State of _____

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

21

STATE OF _PENSYLVANIA_      §
                                         §
COUNTY OF _PHILADELPHIA_    §

       BEFORE ME, the undersigned authority, on this date personally appeared Bart Blatstein, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

       GIVEN under my hand and seal this _27_ day of _November_, 2024.

> Commonwealth of Pennsylvania - Notary Seal
> BRADLEY R. SLENN, Notary Public
> Philadelphia County
> My Commission Expires August 29, 2025
> Commission Number 1320060

Notary Public in and for the State of _PENNSYLVANIA_

> Commonwealth of Pennsylvania - Notary Seal
> BRADLEY R. SLENN, Notary Public
> Philadelphia County
> My Commission Expires August 29, 2025
> Commission Number 1320060

**THINK HOSPITALITY LLC**

By: _____
Name: ERIC VARDI
Title: CLO

**ACKNOWLEDGMENT:**

STATE OF _New York_       §
                             §
COUNTY OF _New York_   §

       BEFORE ME, the undersigned authority, on this date personally appeared ERIC VARDI, the _CLO_ of Think Hospitality LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

       GIVEN under my hand and seal this _4_ day of _December_, 2024.

_____
Notary Public in and for the State of _New York_

**Matthew Sheppe**
Notary Public, State of New York
Reg. No. 02SH6090717
Qualified in Westchester County
Commission Expires July 27, 2027

COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

21

**THINK HOSPITALITY SHOWBOAT LLC**

By: _____

Name: Eric Varol

Title: CLO

**ACKNOWLEDGMENT:**

STATE OF New York            §
                            §
COUNTY OF New York          §

BEFORE ME, the undersigned authority, on this date personally appeared Eric Varol, the _CLO_ of Think Hospitality Showboat LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal this _4_ day of _December_, 2024.

_____

Notary Public in and for the State of New York

Matthew Sheppe
Notary Public, State of New York
Reg. No. 02SH6090717
Qualified in Westchester County
Commission Expires July 27, 2027

# EXHIBIT A

## THE AMERICAN ARBITRATION ASSOCIATION

SHOWBOAT PROPERTIES, LLC and
PREMIER LITE TOWER, LLC, and
ACSB RESTAURANT LLC

                         Claimants,    AAA Case No. 01-23-0002-4976

v.

ACSB HOSPITALITY LLC and
ACSB ENTERTAINMENT LLC

                     Respondents.

## <u>AGREED FINAL AWARD</u>

On this date came on to be considered the joint request by Claimants Showboat Properties, LLC, Premier Lite Tower, LLC, and ACSB Restaurant ("Claimants") and Respondents/Counter-Claimants ACSB Hospitality LLC and ACSB Entertainment LLC ("Respondents/Counter-Claimants") (collectively, the "Parties") for entry of this final Agreed Award.

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by and between the above-named Parties and dated as of_____, and after review and consideration of the agreement made by the Parties, finds and hereby issues this FINAL ORDER AND AWARD as follows:

1.    Respondents/Counter-Claimants are entitled to an award and are so awarded the sum of $2,100,000 on their claims for relief.

2.    Claimants shall take nothing on their claims for relief.

3.      The administrative fees of the American Arbitration Association and the fees of the Arbitrator shall be borne as incurred and thus shared equally by the Parties and deficiencies in deposits to cover these expenses shall be promptly made to the AAA by the Parties.

This Final Award is in full settlement of all claims and all counterclaims submitted to this Arbitration. All other claims and counterclaims not expressly granted herein are DENIED.

Dated: _____

_____
  Hon. Donald J. Kessler (Ret.), Arbitrator

# EXHIBIT B

## CONFESSION OF JUDGMENT

**WHEREAS,** Showboat Properties LLC, Premier Lite Tower, LLC, ACSB Restaurant LLC, and Bart Blatstein ("Guarantors") entered in to a Settlement Agreement with ACSB Hospitality LLC and ACSB Entertainment LLC ("Payees") dated _____ (the "Settlement Agreement") in settlement of disputes arising under a Complaint filed by Payees with the Superior Court of New Jersey, Law Division: Atlantic County, Docket No. ATL-L-1115-23, seeking damages incurred as a result of Think Hospitality LLC and Think Hospitality Showboat LLC's alleged tortious interference (the "Litigation") and under a Complaint filed by Payees with the American Arbitration Association under Case No. 01-23-0002-4976 seeking damages incurred as a result of Guarantors' alleged breach of contract (the "Arbitration," and together with the Litigation, the "Dispute"); and,

**WHEREAS** as per the terms and conditions of the Settlement Agreement, a confession of judgment in the amount of $2,100,000.00, less any payments made thereunder, would be entered against Guarantors, jointly and severally, in the event that the amounts due and owing under the Settlement Agreement were not paid by the due dates thereof;

## NOW THEREFORE IT IS HEREBY STATED THAT:

Guarantors authorize any attorney to appear in any court of record of Pennsylvania on default in any payment of any installment due on payments due under the Settlement Agreement, to admit the maturity of this instrument by acceleration or otherwise, and to confess judgment against Guarantors, jointly and severally, in favor of Payees in the amount of $2,100,000.00 less any payments made pursuant to the Settlement Agreement, and to release all errors and waive all right of appeal and stay of execution.

No judgment or judgments against Guarantors will be a bar to a subsequent judgment or judgments against Guarantors against whom judgment has not been obtained on this instrument. To obtain any judgment hereunder, the payee shall follow the procedures of 231 Pa. Code §§ 2955, 2962.

| | SHOWBOAT PROPERTIES LLC<br>Guarantor |
|---|---|
| _____<br>Signature of Witness Thereto | _____<br><br>By: _____ |
| | Title: _____ |
| _____<br>Printed Name and Address of Witness | Dated: _____ |

| | PREMIER LITE TOWER, LLC<br>Guarantor |
|---|---|
| _____<br>Signature of Witness Thereto | _____<br><br>By: _____ |
| | Title: _____ |
| _____<br>Printed Name and Address of Witness | Dated: _____ |

| | ACSB RESTAURANT LLC<br>Guarantor |
|---|---|
| _____<br>Signature of Witness Thereto | _____<br><br>By: _____ |
| | Title: _____ |
| _____<br>Printed Name and Address of Witness | Dated: _____ |

| | |
|---|---|

| | |
|---|---|
| _____<br>Signature of Witness Thereto<br><br><br>_____<br>Printed Name and Address of Witness | _____<br>**BART BLATSTEIN**<br>**Guarantor**<br><br><br>Dated: _____ |
| _____<br>Signature of Witness Thereto<br><br><br>_____<br>Printed Name and Address of Witness | **ACSB HOSPITALITY LLC**<br>**Payee**<br><br>_____<br><br>By: _____<br><br>Title: _____<br><br>Dated: _____ |
| _____<br>Signature of Witness Thereto<br><br><br>_____<br>Printed Name and Address of Witness | **ACSB ENTERTAINMENT LLC**<br>**Payee**<br><br>_____<br><br>By: _____<br><br>Title: _____<br><br>Dated: _____ |

# EXHIBIT C

**GUARANTY AGREEMENT**

This Guaranty Agreement is entered into by and among Bart Blatstein ("Guarantor") and ACSB Hospitality LLC and ACSB Entertainment LLC ("Respondents") (collectively the "Parties").

The Parties agree that capitalized terms used herein shall have the meaning set forth in the Settlement Agreement to which this Guaranty Agreement is an exhibit.

IT IS HEREBY AGREED that, in exchange for adequate consideration, the Parties shall undertake the following obligations:

**TERMS AND CONDITIONS**

1.    **Statement of Guaranty**.    Guarantor unconditionally guarantees the prompt payment of all financial obligations of Claimants to Respondents as set forth in the Settlement Agreement. Hereinafter, these financial obligations will be referred to as the "Guaranteed Obligations."

2.    **Nature of Guaranty**.   The Guaranty set forth in Paragraph 1 of this Guaranty Agreement constitutes a guarantee of payment, and not of collection, of the Guaranteed Obligations. Accordingly, Respondents shall not be obligated or required before enforcing this Guaranty against Guarantor: (a) to pursue any right or remedy Respondents may have against Claimants or any other person or entity or commence any suit or other proceeding against Claimants or any other person or entity in any court or other tribunal; (b) to make any claim in a liquidation or bankruptcy of Claimants, or any other person or entity; or (c) to make demand of Claimants, or any other person or entity to enforce or to seek to realize upon any collateral security held by Respondents which may secure any of the Guaranteed Obligations. In the event that any payment by Claimants of the Guaranteed Obligations is rescinded or must otherwise be returned

by virtue of any action by any bankruptcy court, the Guarantor shall remain liable hereunder with respect to such Guaranteed Obligations as if payment had not been made. The Guarantor agrees that Respondents may resort to Guarantor for payment of the Guaranteed Obligations if Claimants fail to pay the full amount of any of the Guaranteed Obligations in accordance with the terms of the Settlement Agreement, without regard to whether the Respondents should have proceeded against any other person or entity primarily or secondarily obligated with respect to any of the Guaranteed Obligations.

3.    **Acceleration.**    Guarantor agrees that if Claimants fail to pay any amount required under the terms of the Settlement Agreement, and fails to cure such Event of Default within the 15-day cure period after delivery of notice of such default, Guarantor will pay in full the amount then due under the Settlement Agreement. Guarantor understands that the failure to adhere fully to the terms of this paragraph would be a material breach of this Guaranty Agreement.

4.    **CONFESSION OF JUDGMENT**. GUARANTOR HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR AT ANY TIME FOR THEM AFTER AN EVENT OF DEFAULT UNDER THIS GUARANTY AGREEMENT AND WITH OR WITHOUT COMPLAINT FILED, CONFESS OR ENTER JUDGMENT AGAINST GUARANTOR IN THE AMOUNT OF $2,100,000, LESS ANY PAYMENTS MADE UNDER THIS GUARANTY AGREEMENT, ON WHICH JUDGMENT EXECUTION MAY ISSUE IMMEDIATELY; AND FOR SO DOING, A COPY OF THIS GUARANTY AGREEMENT VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED IN THIS GUARANTY AGREEMENT TO CONFESS JUDGMENT AGAINST GUARANTOR SHALL NOT BE EXHAUSTED BY ANY

EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS GUARANTY AGREEMENT AND THE AGREED AWARD. GUARANTOR HEREBY WAIVES ANY RIGHT HE MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATE THAT RESPONDENTS SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO HIS ATTENTION AND HE HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL. GUARANTOR UNDERSTANDS THAT HE MAY SUBJECT CERTAIN OF HIS ASSETS TO EXECUTION PRIOR TO A HEARING TO CONSIDER PROOF BY RESPONDENTS OF NON-PAYMENT OR OTHER EVENT OF DEFAULT ON THE PART OF GUARANTOR. GUARANTOR UNDERSTANDS THAT HE WILL NOT BE ABLE TO CHALLENGE A JUDGMENT ENTERED AS A RESULT OF THIS CONFESSION OF JUDGMENT EXCEPT BY PROCEEDING TO OPEN OR STRIKE THE JUDGMENT, AND SUCH A PROCEEDING MAY RESULT IN ATTORNEYS' FEES AND COSTS WHICH GUARANTOR MAY HAVE TO PAY. PRIOR TO SIGNING THIS GUARANTY AGREEMENT, GUARANTOR HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS GUARANTY AGREEMENT.

**5.      Attorneys' Fees and Costs**.   If Respondents are required to enforce this Guaranty Agreement in any judicial proceeding, Guarantor must reimburse Respondents for their reasonable attorneys' fees and costs.

**6.      Governing Law.**  This Guaranty Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Pennsylvania, without reference to the conflicts of law provisions thereof.

7.  **No Waiver; Cumulative Rights.**   No failure on the part of Respondents to exercise, and no delay in exercising, any right, remedy or power hereunder shall operate as a waiver thereof, nor shall any single or partial exercise by Respondents of any right, remedy or power hereunder preclude any other or future exercise of any right, remedy or power. Each and every right, remedy and power hereby granted to Respondents or allowed by law or other agreement shall be cumulative and not exclusive of any other, and may be exercised by Respondents from time to time.

8.  **Effective Date.**   This Guaranty Agreement shall become effective on the date on which the last signature of the Parties is obtained on this Guaranty Agreement.

9.  **Duration.**   This Guaranty shall continue in full force and effect until payment in full of the Guaranteed Obligations or until all the Parties mutually agree in writing that this Guaranty Agreement shall be revoked.

10.  **Severability.**   Should any one or more provisions of this Guaranty Agreement be determined to be illegal, unenforceable, void or voidable, all other provisions shall remain in effect.

11.  **Assignment.**   No Party hereto may assign its rights, interest or obligations hereunder to any other person or entity without prior written consent of the other Party. The provisions of this Guaranty Agreement shall be binding on the Parties hereto and their successors and assigns.

12.  **Advice of Legal Counsel.**   Guarantor acknowledges and represents that, in executing this Guaranty Agreement, Guarantor has had the opportunity to seek advice as to his legal rights from legal counsel and that Guarantor has read and understands all of the terms and

provisions of this Guaranty Agreement. This Guaranty Agreement shall not be construed against any Party by reason of the drafting or preparation thereof.

    **13.**    **Miscellaneous.**   This Guaranty Agreement shall not be amended except in a writing signed by all Parties. Each signatory hereto represents and warrants that he or she is authorized to execute and deliver this Agreement on behalf of the Party for whom he or she is purporting to act. This Guaranty Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

| | |
|---|---|
| _____<br>Signature of Witness Thereto | _____<br>**BART BLATSTEIN**<br>**Guarantor** |
| _____<br>Printed Name and Address of Witness | Dated: _____ |

| | |
|---|---|
| _____<br>Signature of Witness Thereto | **ACSB HOSPITALITY LLC**<br>**Respondent**<br><br>_____<br><br>By: _____ |
| _____<br>Printed Name and Address of Witness | Title: _____<br><br>Dated: _____ |

|  | **ACSB ENTERTAINMENT LLC** <br> **Respondent** |
| --- | --- |
| _____ <br> Signature of Witness Thereto | _____ <br><br> By: _____ <br><br> Title: _____ |
| _____ <br> Printed Name and Address of Witness | Dated: _____ |

# EXHIBIT D

**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
Christopher C. Fallon, III, Esquire (026402006)
Jacqueline Davis, Esquire (374132022)
Midtown Building, Suite 400
1301 Atlantic Avenue
Atlantic City, New Jersey 08401-7212
(609) 348-4515 / Fax: (609) 348-6834
Attorneys for Plaintiff
ACSB Hospitality LLC

| | |
|---|---|
| ACSB HOSPITALITY LLC<br><br>                              Plaintiff,<br><br>v.<br><br>THINK HOSPITALITY LLC; THINK HOSPITALITY SHOWBOAT LLC<br><br>                              Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>Docket No.   ATL-L-1115-23<br><br><br>Civil Action<br><br>**STIPULATION OF DISMISSAL**<br>**WITH PREJUDICE** |

       **IT IS HEREBY STIPULATED** by and between the parties to the above-captioned action

that all claims against all Defendants are hereby dismissed with prejudice and without fees and

costs to either side. This Court shall not maintain jurisdiction over this matter for purposes of

enforcing the terms and conditions of the parties' Settlement Agreement.

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff*

      **HANKIN SANDMAN PALLADINO**
      **WEINTROB & BELL**
      *Attorneys for Defendants*

_____

      _____

Christopher C. Fallon, Esq.

      John F. Palladino, Esq.

Dated: November ____, 2024

      Dated: November ____, 2024

# EXHIBIT C

# Holland & Knight

One Arts Plaza | 1722 Routh Street, Suite 1500 | Dallas, TX 75201-2532 | T 214.969.1700 | F 214.969.1751
Holland & Knight LLP | www.hklaw.com

Stephen C. Rasch
+1 214-969-1465
Stephen.Rasch@hklaw.com

January 3, 2025

*Via FedEx and E-Mail*

Mr. Bart Blatstein
1520 Locust Street, Suite 300
Philadelphia, PA 19102
Email: bblatstein@towerdev.com

*With a copy to:*

John F. Palladino, Esq.
HANKIN SANDMAN PALLADINO WEINTROB &
BELL
30 S. New York Avenue
Atlantic City, NJ 08401
E-mail: john@hankinsandman.com

Re:    **NOTICE OF DEFAULT AND DEMAND FOR IMMEDIATE PAYMENT
UNDER THE COMPROMISE SETTLEMENT AGREEMENT AND
MUTUAL GENERAL RELEASE**

Dear Mr. Blatstein:

Pursuant to Section 6.02 of the Compromise Settlement Agreement and Mutual General

Release[1] entered into between Showboat Properties LLC, Premier Lite Tower, LLC, ACSB

Restaurant LLC, Bart Blatstein, Think Hospitality LLC, and Think Hospitality Showboat LLC

with ACSB Hospitality LLC and ACSB Entertainment LLC, dated December 4, 2024 ("Settlement

---

[1] All terms not specifically defined herein shall have the same meaning as defined in the Compromise Settlement
Agreement and Mutual General Release.

Page 2

Agreement"), payment of $250,000.00 by Claimants to Respondents was due on or before December 31, 2024.

In accordance with Sections 6.04 and 6.05 of the Settlement Agreement, notice is hereby provided that Claimants have failed to make the required payment due on or before December 31, 2024. Per the terms of Section 6.04 of the Settlement Agreement, Claimants shall have fifteen (15) days from the date of delivery of this notice within which to cure such default. Should payment not be made within fifteen (15) days of delivery of this notice, Respondents reserve the right to exercise all available remedies under the Settlement Agreement.

Thank you for your prompt attention to this matter.

Very truly yours,

Stephen C. Rasch

# **EXHIBIT D**

## CONFESSION OF JUDGMENT

**WHEREAS,** Showboat Properties LLC, Premier Lite Tower, LLC, ACSB Restaurant LLC, and Bart Blatstein ("Guarantors") entered in to a Settlement Agreement with ACSB Hospitality LLC and ACSB Entertainment LLC ("Payees") dated December 4, 2024 (the "Settlement Agreement") in settlement of disputes arising under a Complaint filed by Payees with the Superior Court of New Jersey, Law Division: Atlantic County, Docket No. ATL-L-1115-23, seeking damages incurred as a result of Think Hospitality LLC and Think Hospitality Showboat LLC's alleged tortious interference (the "Litigation") and under a Complaint filed by Payees with the American Arbitration Association under Case No. 01-23-0002-4976 seeking damages incurred as a result of Guarantors' alleged breach of contract (the "Arbitration," and together with the Litigation, the "Dispute"); and,

**WHEREAS** as per the terms and conditions of the Settlement Agreement, a confession of judgment in the amount of $2,100,000.00, less any payments made thereunder, would be entered against Guarantors, jointly and severally, in the event that the amounts due and owing under the Settlement Agreement were not paid by the due dates thereof;

## NOW THEREFORE IT IS HEREBY STATED THAT:

Guarantors authorize any attorney to appear in any court of record of Pennsylvania on default in any payment of any installment due on payments due under the Settlement Agreement, to admit the maturity of this instrument by acceleration or otherwise, and to confess judgment against Guarantors, jointly and severally, in favor of Payees in the amount of $2,100,000.00 less any payments made pursuant to the Settlement Agreement, and to release all errors and waive all right of appeal and stay of execution.

No judgment or judgments against Guarantors will be a bar to a subsequent judgment or judgments against Guarantors against whom judgment has not been obtained on this instrument. To obtain any judgment hereunder, the payee shall follow the procedures of 231 Pa. Code §§ 2955, 2962.

| | |
|---|---|
| _(signature)_ <br> Signature of Witness Thereto | **SHOWBOAT PROPERTIES LLC** <br> Guarantor <br> _(signature)_ |
| BRAD SLENN <br> 1528 LOCUST ST, STE 300 <br> PHILADELPHIA PA 19102 <br> Printed Name and Address of Witness | By: ___ BART BLATSTEIN ___ <br> Title: ___ AUTH. SIGNATOR ___ <br> Dated: ___ 11/27/24 ___ |
| _(signature)_ <br> Signature of Witness Thereto | **PREMIER LITE TOWER, LLC** <br> Guarantor <br> _(signature)_ |
| BRAD SLENN <br> 1530 LOCUST ST, STE 300 <br> PHILADELPHIA PA 19102 <br> Printed Name and Address of Witness | By: ___ BART BLATSTEIN ___ <br> Title: ___ AUTH SIGNATOR ___ <br> Dated: ___ 11/27/24 ___ |
| _(signature)_ <br> Signature of Witness Thereto | **ACSB RESTAURANT LLC** <br> Guarantor <br> _(signature)_ |
| BRAD SLENN <br> 1530 LOCUST ST, STE 300 <br> PHILADELPHIA, PA 19102 <br> Printed Name and Address of Witness | By: ___ BART BLATSTEIN ___ <br> Title: ___ AUTH SIGNATOR ___ <br> Dated: ___ 11/27/24 ___ |

| | |
| --- | --- |

_(signature)_
_____
Signature of Witness Thereto

BRAD SLENN
1520 LOCUST ST., STE 300
PHILADELPHIA, PA 19102
_____
Printed Name and Address of Witness

**BART BLATSTEIN**
**Guarantor** _(signature)_

Dated: _11/27/24_

---

_____
Signature of Witness Thereto

_____
Printed Name and Address of Witness

**ACSB HOSPITALITY LLC**
**Payee**

_____

By: _____

Title: _____

Dated: _____

---

_____
Signature of Witness Thereto

_____
Printed Name and Address of Witness

**ACSB ENTERTAINMENT LLC**
**Payee**

_____

By: _____

Title: _____

Dated: _____

| | |
|---|---|

_____
Signature of Witness Thereto

_____
Printed Name and Address of Witness

**BART BLATSTEIN**
**Guarantor**

Dated: _____

---

_____
Signature of Witness Thereto

_____
Printed Name and Address of Witness

**ACSB HOSPITALITY LLC**
**Payee**

_____

By: Sloan Dean

Title: Chief Executive Officer

Dated: November 21, 2024

---

_____
Signature of Witness Thereto

_____
Printed Name and Address of Witness

**ACSB ENTERTAINMENT LLC**
**Payee**

_____

By: Sloan Dean

Title: Chief Executive Officer

Dated: November 21, 2024

# **<u>EXHIBIT E</u>**

## GUARANTY AGREEMENT

This Guaranty Agreement is entered into by and among Bart Blatstein ("Guarantor") and ACSB Hospitality LLC and ACSB Entertainment LLC ("Respondents") (collectively the "Parties").

The Parties agree that capitalized terms used herein shall have the meaning set forth in the Settlement Agreement to which this Guaranty Agreement is an exhibit.

IT IS HEREBY AGREED that, in exchange for adequate consideration, the Parties shall undertake the following obligations:

## TERMS AND CONDITIONS

1.     **Statement of Guaranty**.    Guarantor unconditionally guarantees the prompt payment of all financial obligations of Claimants to Respondents as set forth in the Settlement Agreement. Hereinafter, these financial obligations will be referred to as the "Guaranteed Obligations."

2.     **Nature of Guaranty**.   The Guaranty set forth in Paragraph 1 of this Guaranty Agreement constitutes a guarantee of payment, and not of collection, of the Guaranteed Obligations. Accordingly, Respondents shall not be obligated or required before enforcing this Guaranty against Guarantor: (a) to pursue any right or remedy Respondents may have against Claimants or any other person or entity or commence any suit or other proceeding against Claimants or any other person or entity in any court or other tribunal; (b) to make any claim in a liquidation or bankruptcy of Claimants, or any other person or entity; or (c) to make demand of Claimants, or any other person or entity to enforce or to seek to realize upon any collateral security held by Respondents which may secure any of the Guaranteed Obligations. In the event that any payment by Claimants of the Guaranteed Obligations is rescinded or must otherwise be returned

by virtue of any action by any bankruptcy court, the Guarantor shall remain liable hereunder with respect to such Guaranteed Obligations as if payment had not been made. The Guarantor agrees that Respondents may resort to Guarantor for payment of the Guaranteed Obligations if Claimants fail to pay the full amount of any of the Guaranteed Obligations in accordance with the terms of the Settlement Agreement, without regard to whether the Respondents should have proceeded against any other person or entity primarily or secondarily obligated with respect to any of the Guaranteed Obligations.

3.    **Acceleration.**    Guarantor agrees that if Claimants fail to pay any amount required under the terms of the Settlement Agreement, and fails to cure such Event of Default within the 15-day cure period after delivery of notice of such default, Guarantor will pay in full the amount then due under the Settlement Agreement. Guarantor understands that the failure to adhere fully to the terms of this paragraph would be a material breach of this Guaranty Agreement.

4.    **CONFESSION OF JUDGMENT**. GUARANTOR HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR AT ANY TIME FOR THEM AFTER AN EVENT OF DEFAULT UNDER THIS GUARANTY AGREEMENT AND WITH OR WITHOUT COMPLAINT FILED, CONFESS OR ENTER JUDGMENT AGAINST GUARANTOR IN THE AMOUNT OF $2,100,000, LESS ANY PAYMENTS MADE UNDER THIS GUARANTY AGREEMENT, ON WHICH JUDGMENT EXECUTION MAY ISSUE IMMEDIATELY; AND FOR SO DOING, A COPY OF THIS GUARANTY AGREEMENT VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED IN THIS GUARANTY AGREEMENT TO CONFESS JUDGMENT AGAINST GUARANTOR SHALL NOT BE EXHAUSTED BY ANY

EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS GUARANTY AGREEMENT AND THE AGREED AWARD. GUARANTOR HEREBY WAIVES ANY RIGHT HE MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATE THAT RESPONDENTS SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO HIS ATTENTION AND HE HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL. GUARANTOR UNDERSTANDS THAT HE MAY SUBJECT CERTAIN OF HIS ASSETS TO EXECUTION PRIOR TO A HEARING TO CONSIDER PROOF BY RESPONDENTS OF NON-PAYMENT OR OTHER EVENT OF DEFAULT ON THE PART OF GUARANTOR. GUARANTOR UNDERSTANDS THAT HE WILL NOT BE ABLE TO CHALLENGE A JUDGMENT ENTERED AS A RESULT OF THIS CONFESSION OF JUDGMENT EXCEPT BY PROCEEDING TO OPEN OR STRIKE THE JUDGMENT, AND SUCH A PROCEEDING MAY RESULT IN ATTORNEYS' FEES AND COSTS WHICH GUARANTOR MAY HAVE TO PAY. PRIOR TO SIGNING THIS GUARANTY AGREEMENT, GUARANTOR HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS GUARANTY AGREEMENT.

     **5.**    **Attorneys' Fees and Costs**.   If Respondents are required to enforce this Guaranty Agreement in any judicial proceeding, Guarantor must reimburse Respondents for their reasonable attorneys' fees and costs.

     **6.**    **Governing Law.**  This Guaranty Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Pennsylvania, without reference to the conflicts of law provisions thereof.

**7.    No Waiver; Cumulative Rights.**    No failure on the part of Respondents to exercise, and no delay in exercising, any right, remedy or power hereunder shall operate as a waiver thereof, nor shall any single or partial exercise by Respondents of any right, remedy or power hereunder preclude any other or future exercise of any right, remedy or power. Each and every right, remedy and power hereby granted to Respondents or allowed by law or other agreement shall be cumulative and not exclusive of any other, and may be exercised by Respondents from time to time.

**8.    Effective Date.**    This Guaranty Agreement shall become effective on the date on which the last signature of the Parties is obtained on this Guaranty Agreement.

**9.    Duration.**    This Guaranty shall continue in full force and effect until payment in full of the Guaranteed Obligations or until all the Parties mutually agree in writing that this Guaranty Agreement shall be revoked.

**10.    Severability.**    Should any one or more provisions of this Guaranty Agreement be determined to be illegal, unenforceable, void or voidable, all other provisions shall remain in effect.

**11.    Assignment.**    No Party hereto may assign its rights, interest or obligations hereunder to any other person or entity without prior written consent of the other Party. The provisions of this Guaranty Agreement shall be binding on the Parties hereto and their successors and assigns.

**12.    Advice of Legal Counsel.**    Guarantor acknowledges and represents that, in executing this Guaranty Agreement, Guarantor has had the opportunity to seek advice as to his legal rights from legal counsel and that Guarantor has read and understands all of the terms and

provisions of this Guaranty Agreement. This Guaranty Agreement shall not be construed against any Party by reason of the drafting or preparation thereof.

   **13.    Miscellaneous.**    This Guaranty Agreement shall not be amended except in a writing signed by all Parties. Each signatory hereto represents and warrants that he or she is authorized to execute and deliver this Agreement on behalf of the Party for whom he or she is purporting to act. This Guaranty Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

| | |
|---|---|
| *[signature]*<br>Signature of Witness Thereto | *[signature]*<br>**BART BLATSTEIN**<br>**Guarantor** |
| BRAD SVENN<br>N 30 LOCUST St., STO 300<br>PHILADELPHIA  PA 19102<br>Printed Name and Address of Witness | Dated: __11/27/24__ |

| | |
|---|---|
| <br>Signature of Witness Thereto | **ACSB HOSPITALITY LLC**<br>**Respondent**<br><br>_____ |
| | By: _____ |
| | Title: _____ |
| <br>Printed Name and Address of Witness | Dated: _____ |

provisions of this Guaranty Agreement. This Guaranty Agreement shall not be construed against any Party by reason of the drafting or preparation thereof.

    **13.**    **Miscellaneous.**    This Guaranty Agreement shall not be amended except in a writing signed by all Parties. Each signatory hereto represents and warrants that he or she is authorized to execute and deliver this Agreement on behalf of the Party for whom he or she is purporting to act. This Guaranty Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

| | |
|---|---|
| _____<br>Signature of Witness Thereto | **BART BLATSTEIN**<br>**Guarantor**<br><br>Dated: _____ |
| _____<br>Printed Name and Address of Witness | |
| _____<br>Signature of Witness Thereto | **ACSB HOSPITALITY LLC**<br>**Respondent**<br><br>By: Sloan Dean<br><br>Title: Chief Executive Officer |
| Printed Name and Address of Witness | Dated: November 21, 2024 |

Signature of Witness Thereto

**ACSB ENTERTAINMENT LLC**
**Respondent**

By: Sloan Dean

Title: Chief Executive Officer

Printed Name and Address of Witness

Dated: November 21, 2024

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ACSB ENTERTAINMENT LLC, a | : | CIVIL ACTION |
| Delaware limited liability company, and | : | |
| ACSB HOSPITALITY LLC, a | : | NO. |
| Maryland limited liability company | : | |
| 14185 Dallas Parkway, Suite 1150 | : | |
| Dallas, TX 75254, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWBOAT PROPERTIES LLC, a | : | |
| Delaware limited liability company, and | : | |
| PREMIER LITE TOWER LLC, a | : | |
| Delaware limited liability company | : | |
| 1520 Locust Street, Suite 300 | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| and | : | |
| | : | |
| BART BLATSTEIN, an individual, | : | |
| 1914-16 Rittenhouse Square | : | |
| Philadelphia, Pennsylvania 19103, | : | |
| | : | |
| and | : | |
| | : | |
| ACSB RESTAURANT LLC, a | : | |
| New Jersey limited liability company | : | |
| 801 Boardwalk | : | |
| Atlantic City, NJ 08401, | : | |
| | : | |
| Defendants | : | |

## <u>DECLARATION OF DEFAULT</u>

1.    I, Brian Bradford, am an adult individual authorized to submit this Declaration on

behalf of Plaintiff ACSB Entertainment LLC and Plaintiff ACSB Hospitality LLC (together,

"Plaintiffs").

2.    I am Senior Vice President of Corporate Accounting for Remington Hotels LLC

("Remington Hotels").

3.      In my capacity as Senior Vice President of Corporate Accounting for Remington Hotels, I have acquired the personal knowledge necessary to execute this Affidavit.

4.      Defendants timely paid the first $250,000.00 installment of the Settlement Amount.

5.      Defendants did not pay the second $250,000.00 installment before it was due under the Settlement Agreement on or before December 31, 2024.

6.      Plaintiffs received the second installment of the Settlement Amount via wire transfer (the "Wire") on the morning of January 22, 2025.

7.      A representative from JPMorgan Chase Bank, N.A. confirmed that the Wire was initiated that morning.

8.      Thus, although Defendants ultimately paid the second installment of the Settlement Amount (the first and second installments together totaling $500,000.00), Defendants did not cure their default within the time required under the Settlement Agreement.

9.      Consequently, Defendants defaulted under the Settlement Agreement due to their failure to timely pay the second installment of the Settlement Amount.

10.      The Settlement Agreement pursuant to which judgment is being confessed has not been assigned.

11.      The Confession of Judgment Agreement pursuant to which judgment is being confessed has not been assigned.

12.      The Guaranty Agreement pursuant to which judgment is being confessed has not been assigned.

13.      Defendants owe a total of $1,600,000.00 to Plaintiffs as of January 31, 2025.

14.      Judgment for outstanding payments and other sums due under the Settlement Agreement, Confession of Judgment Agreement, and Guaranty Agreement have not previously

been entered against Defendants on the Settlement Agreement, Confession of Judgment Agreement, or Guaranty Agreement in any jurisdiction for the debt demanded.

15.    Judgment for outstanding payments and other sums due under the Settlement Agreement, Confession of Judgment Agreement, and Guaranty Agreement are not being entered by a confession against a natural person in connection with a consumer credit transaction or a residential lease transaction.

16.    The Settlement Agreement, Confession of Judgment Agreement, and Guaranty Agreement were based upon a commercial transaction.

17.    An Event of Default pursuant to the Settlement Agreement has occurred, as averred in the foregoing paragraphs of this Affidavit.

18.    All conditions precedent to the entry of judgment for money have occurred and entry of judgment is authorized under L. Civ. R. 56.1 without leave of court.

19.    Upon information and belief, Blatstein is not in the military service of the United States, nor any state or territory thereof or its Allies as defined in the Soldiers' and Sailors' Civil Relief Act of Congress of 1946 and the amendments thereto.

20.    The total amount due and owing to Plaintiffs by Defendants pursuant to the Settlement Agreement, Confession of Judgment Agreement, and Guaranty Agreement as of January 2025 is $1,600,000.00, calculated as follows:

| | |
|---|---|
| **Principal Sum:** | **$1,600,000.00** |
| **Total:** | **$1,600,000.00** |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 11, 2025.

By:  _____
Brian Bradford
Senior Vice President
Corporate Accounting

-3-

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACSB ENTERTAINMENT LLC, a | : | CIVIL ACTION |
| Delaware limited liability company, and | : | |
| ACSB HOSPITALITY LLC, a | : | NO. |
| Maryland limited liability company | : | |
| 14185 Dallas Parkway, Suite 1150 | : | |
| Dallas, TX 75254, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWBOAT PROPERTIES LLC, a | : | |
| Delaware limited liability company, and | : | |
| PREMIER LITE TOWER LLC, a | : | |
| Delaware limited liability company | : | |
| 1520 Locust Street, Suite 300 | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| and | : | |
| | : | |
| BART BLATSTEIN, an individual, | : | |
| 1914-16 Rittenhouse Square | : | |
| Philadelphia, Pennsylvania 19103, | : | |
| | : | |
| and | : | |
| | : | |
| ACSB RESTAURANT LLC, a | : | |
| New Jersey limited liability company | : | |
| 801 Boardwalk | : | |
| Atlantic City, NJ 08401, | : | |
| | : | |
| Defendants | : | |

## **DECLARATION**

1.      I, Stephen C. Rasch, am an adult authorized to submit this Affidavit on behalf of

Plaintiff ACSB Entertainment LLC and Plaintiff ACSB Hospitality LLC (together, "Plaintiffs").

2.      I am a partner in the law firm of Holland & Knight LLP and a member of the Texas

bar.

3.      I served as lead counsel for Respondents in the related American Arbitration Association proceeding, AAA Case No. 01-23-0002-4976 (the "Arbitration").

4.      The Compromise Settlement Agreement and Mutual General Release (the "Settlement Agreement") that Plaintiffs and Defendants Showboat Properties LLC, Premier Lite Tower LLC, ACSB Restaurant LLC, and Bart Blatstein (collectively, "Defendants") entered into on or about December 4, 2024, was, in part, in settlement of the Arbitration. A true and correct copy of the Settlement Agreement is attached to the Complaint as **Exhibit B**.

5.      The executed signature pages of the Settlement Agreement, Confession of Judgment Agreement, and Guaranty Agreement with signatures from Blatstein and representatives for Claimants were sent to me by John F. Palladino, Esq., counsel for Claimants in the Arbitration. *See id.* at. pp. 18-22; *see* Ex. D at pp. 2-4; Ex. E at 5-7.

6.      The Settlement Agreement requires Defendants to pay Plaintiffs the total sum of $2,100,000.00 (the "Settlement Amount") according to a set payment schedule. *See* Ex. B to Complaint at § 6.01.

7.      The second $250,000.00 installment of the Settlement Amount was due under the Settlement Agreement on or before December 31, 2024. *See id.* at § 6.02.

8.      On January 3, 2025, I served a Default Letter via e-mail and FedEx on Bart Blatstein with a copy to Mr. Palladino. True and correct copies of the e-mail, Default Letter, and proof of delivery for the FedEx mailings are attached hereto as **Exhibit A** to this Declaration.

9.      On January 21 and 22, 2025, I communicated with Mr. Palladino regarding the second installment of the Settlement Amount.

10.     A screenshot (the "Screenshot") that was forwarded to me by Mr. Palladino on January 22, 2025 shows that the wire transfer ("the Wire") for the second installment of the

Settlement Amount was not processed by the bank until January 22, 2025. A true and correct copy of the Screenshot is attached hereto as **Exhibit B** to this Declaration.

11.     I spoke with Mr. Palladino on the afternoon of January 22, 2025, and during that conversation, Mr. Palladino confirmed to me that the Wire was not sent by the bank until the morning of January 22, 2025.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 11, 2025.

_____

Stephen C. Rasch

# <u>EXHIBIT A</u>

**From:**        Stephen.Rasch@hklaw.com
**To:**          bblatstein@towerdev.com
**Cc:**          John Palladino
**Subject:**     Notice of Default
**Attachments:** Showboat_Notice of Default.pdf

Dear Mr. Blatstein,

Please see attached correspondence.

Regards,

**Stephen C. Rasch | Holland & Knight**
Partner
Holland & Knight LLP
One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, Texas 75201
Phone 214.969.1465 | Fax 214.969.1751
stephen.rasch@hklaw.com | www.hklaw.com

# Holland & Knight

One Arts Plaza | 1722 Routh Street, Suite 1500 | Dallas, TX 75201-2532 | T 214.969.1700 | F 214.969.1751
Holland & Knight LLP | www.hklaw.com

Stephen C. Rasch
+1 214-969-1465
Stephen.Rasch@hklaw.com

January 3, 2025

_Via FedEx and E-Mail_

Mr. Bart Blatstein
1520 Locust Street, Suite 300
Philadelphia, PA 19102
Email: bblatstein@towerdev.com

_With a copy to:_

John F. Palladino, Esq.
HANKIN SANDMAN PALLADINO WEINTROB &
BELL
30 S. New York Avenue
Atlantic City, NJ 08401
E-mail: john@hankinsandman.com

Re:    **NOTICE OF DEFAULT AND DEMAND FOR IMMEDIATE PAYMENT
UNDER THE COMPROMISE SETTLEMENT AGREEMENT AND
MUTUAL GENERAL RELEASE**

Dear Mr. Blatstein:

Pursuant to Section 6.02 of the Compromise Settlement Agreement and Mutual General

Release[1] entered into between Showboat Properties LLC, Premier Lite Tower, LLC, ACSB

Restaurant LLC, Bart Blatstein, Think Hospitality LLC, and Think Hospitality Showboat LLC

with ACSB Hospitality LLC and ACSB Entertainment LLC, dated December 4, 2024 ("Settlement

---

[1] All terms not specifically defined herein shall have the same meaning as defined in the Compromise Settlement
Agreement and Mutual General Release.

Page 2

Agreement"), payment of $250,000.00 by Claimants to Respondents was due on or before December 31, 2024.

In accordance with Sections 6.04 and 6.05 of the Settlement Agreement, notice is hereby provided that Claimants have failed to make the required payment due on or before December 31, 2024. Per the terms of Section 6.04 of the Settlement Agreement, Claimants shall have fifteen (15) days from the date of delivery of this notice within which to cure such default. Should payment not be made within fifteen (15) days of delivery of this notice, Respondents reserve the right to exercise all available remedies under the Settlement Agreement.

Thank you for your prompt attention to this matter.

Very truly yours,

Stephen C. Rasch

**From:** FedEx Tracking
**To:** Wanda.Sneed@hklaw.com
**Subject:** Your shipment was delivered 283996657763
**Date:** Tuesday, January 7, 2025 12:37:39 PM

*[External email]*



# Your shipment was delivered.

Delivery Date

## Tue, 01/07/2025
## 12:30pm

Delivered to

1520 LOCUST ST, PHILADELPHIA, PA 19102

Received by

D.JOHNSON

**Report missing package**

## How was your delivery?

## Tracking details

Tracking ID                    283996657763

From                           Holland & Knight
                               1722 Routh St
                               Suite 1500
                               Dallas, TX, US
                               75201

| To | Mr. Bart Blatstein |
| | 1520 LOCUST ST |
| | ste 300 |
| | PHILADELPHIA, PA, US |
| | 19102 |

| Ship date | Fri 1/03/2025 05:25 PM |
| Number of pieces | 1 |
| Total shipment weight | 0.50 LB |
| Service | FedEx Priority Overnight |
| Reference | 217286.00002 |
| Shipper reference | 217286.00002 |
| Purchase order number | 15449 |

**TRACK SHIPMENT**

FedEx

## Easier Tracking, better security, and more control

Enroll for free and get more visibility and control for your deliveries from start to finish. And if you need to make a return, our network of 10,000+ locations makes drop off easy.

**ENROLL NOW**

☐ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 11:37 AM CST 01/07/2025.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2025 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our Privacy Notice. All rights reserved.

Thank you for your business.

ID  1026

| | |
|---|---|
| **From:** | FedEx Tracking |
| **To:** | Wanda.Sneed@hklaw.com |
| **Subject:** | Your shipment was delivered 283996897486 |
| **Date:** | Tuesday, January 7, 2025 12:16:03 PM |

*[External email]*



# Your shipment was delivered.

Delivery Date

### Tue, 01/07/2025
### 12:09pm

Delivered to

30 S NEW YORK AVE, ATLANTIC CITY, NJ 08401

Received by

M.Mckail

**Report missing package**

## How was your delivery?



## Tracking details

| | |
|---|---|
| Tracking ID | 283996897486 |
| From | Holland & Knight<br>1722 Routh St<br>Suite 1500<br>Dallas, TX, US<br>75201 |

| To | HANKIN SANDMAN PALLADINO WEINTROB & 30 S NEW YORK AVE ATLANTIC CITY, NJ, US 08401 |
|---|---|
| Ship date | Fri 1/03/2025 05:25 PM |
| Number of pieces | 1 |
| Total shipment weight | 0.50 LB |
| Service | FedEx Priority Overnight |
| Reference | 217286.00002 |
| Shipper reference | 217286.00002 |
| Purchase order number | 15449 |

**TRACK SHIPMENT**

FedEx

## Easier Tracking, better security, and more control

Enroll for free and get more visibility and control for your deliveries from start to finish. And if you need to make a return, our network of 10,000+ locations makes drop off easy.

**ENROLL NOW**

☐ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 11:15 AM CST 01/07/2025.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2025 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our Privacy Notice. All rights reserved.

Thank you for your business.

ID  1026

# **EXHIBIT B**

## TRANSACTION DETAILS

**DOMESTIC WIRE**

**Remington Hotels LLC Operating Acct**

Tracking ID: 1012358

$250,000.00

Created Date: 1/21/2025

[X] Close

<

## PAYMENT DETAILS

**From Account**
Showboat Properties 

**To Account**


**To Account Type**
Checking

**Created By**
maritza martinez

**Authorized**
01/21/2025 5:35 PM

**Authorized By**
maritza martinez

**Process Date**
01/22/2025

**Originator Wire Header**
SHOWBOAT PROPERT

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ACSB ENTERTAINMENT LLC, a | : | CIVIL ACTION |
| Delaware limited liability company, and | : | |
| ACSB HOSPITALITY LLC, a | : | NO. |
| Maryland limited liability company | : | |
| 14185 Dallas Parkway, Suite 1150 | : | |
| Dallas, TX 75254, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWBOAT PROPERTIES LLC, a | : | |
| Delaware limited liability company, and | : | |
| PREMIER LITE TOWER LLC, a | : | |
| Delaware limited liability company | : | |
| 1520 Locust Street, Suite 300 | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| and | : | |
| | : | |
| BART BLATSTEIN, an individual, | : | |
| 1914-16 Rittenhouse Square | : | |
| Philadelphia, Pennsylvania 19103, | : | |
| | : | |
| and | : | |
| | : | |
| ACSB RESTAURANT LLC, a | : | |
| New Jersey limited liability company | : | |
| 801 Boardwalk | : | |
| Atlantic City, NJ 08401, | : | |
| | : | |
| Defendants | : | |

## **VERIFICATION**

I, Brian Bradford, state that I have read the foregoing Complaint in Confession of Judgment for Money, which has been drafted with the assistance of counsel; that I am Senior Vice President of Corporate Accounting for Remington Hotels LLC; that I am authorized to execute this Verification on behalf of Plaintiffs ACSB Entertainment LLC and ACSB Hospitality LLC; that the facts set forth in the foregoing Complaint for Confession of Judgment for Money are true and

correct to the best of my knowledge, information, and belief, although the language is that of counsel and, to the extent that the content of the foregoing document is that of counsel, I have relied upon counsel in making this Verification; and that the exhibits attached to the Complaint are true and correct copies of the originals.

This statement is made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities, which provides that if I make knowingly false statements, I may be subject to criminal penalties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February __11__, 2025.

By: _____

Brian Bradford
Senior Vice President
Corporate Accounting

-2-

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ACSB ENTERTAINMENT LLC, a | : | CIVIL ACTION |
| Delaware limited liability company, and | : | |
| ACSB HOSPITALITY LLC, a | : | NO. |
| Maryland limited liability company | : | |
| 14185 Dallas Parkway, Suite 1150 | : | |
| Dallas, TX 75254, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWBOAT PROPERTIES LLC, a | : | |
| Delaware limited liability company, and | : | |
| PREMIER LITE TOWER LLC, a | : | |
| Delaware limited liability company | : | |
| 1520 Locust Street, Suite 300 | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| and | : | |
| | : | |
| BART BLATSTEIN, an individual, | : | |
| 1914-16 Rittenhouse Square | : | |
| Philadelphia, Pennsylvania 19103, | : | |
| | : | |
| and | : | |
| | : | |
| ACSB RESTAURANT LLC, a | : | |
| New Jersey limited liability company | : | |
| 801 Boardwalk | : | |
| Atlantic City, NJ 08401, | : | |
| | : | |
| Defendants | : | |

**DECLARATION OF INCOME, OF NON-CONSUMER CREDIT
TRANSACTION, OF COMMERICAL TRANSACTION & NON-RETAIL
SALES AGREEMENT OR CONTRACT, AND OF NON-MILITARY SERVICE**

1.    I, Brian Bradford, am an adult individual authorized to submit this Declaration on

behalf of Plaintiff ACSB Entertainment LLC, a Delaware limited liability company with its

principal place of business at 14185 Dallas Parkway, Suite 1150, Dallas, Texas 75254, and

Plaintiff ACSB Hospitality LLC, a Maryland limited liability company with its principal place of business at 14185 Dallas Parkway, Suite 1150, Dallas, Texas 75254.

2.      To the best of my knowledge, information, and belief, the annual income of Defendant Bart Blatstein ("Blatstein") is in excess of $10,000.00 per year.

3.      This Confession of Judgment is not being entered against a natural person in connection with a consumer credit transaction.

4.      The transaction upon which the judgment is being entered arose out of a commercial transaction and is not based upon a retail installment sale, contract or account.

5.      To the best of my knowledge, information, and belief, Blatstein is not engaged in the military service of the United States, nor any State or Territory thereof, or its allies as defined by the Soldiers' and Sailors' Civil Relief Act of 1940 as amended.

6.      To the best of my knowledge, information, and belief, the name, approximate age, and residence address of Blatstein is as follows:

   a.  Name: Bart Blatstein

   b.  Age: Over 21 years old

   c.  Address: 1201 Rock Creek Road, Gladwyne, PA 19035 and/or 1914-16 Rittenhouse Square, Philadelphia, PA 19103

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 11 , 2025.

By:    _____
       Brian Bradford
       Senior Vice President
       Corporate Accounting

-2-

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

ACSB ENTERTAINMENT LLC, a : CIVIL ACTION
Delaware limited liability company, and :
ACSB HOSPITALITY LLC, a : NO.
Maryland limited liability company :
14185 Dallas Parkway, Suite 1150 :
Dallas, TX 75254, :
 :
   Plaintiffs :
 :
  v. :
 :
SHOWBOAT PROPERTIES LLC, a :
Delaware limited liability company, and :
PREMIER LITE TOWER LLC, a :
Delaware limited liability company :
1520 Locust Street, Suite 300 :
Philadelphia, PA 19102, :
 :
  and :
 :
BART BLATSTEIN, an individual, :
1914-16 Rittenhouse Square :
Philadelphia, Pennsylvania 19103, :
 :
  and :
 :
ACSB RESTAURANT LLC, a :
New Jersey limited liability company :
801 Boardwalk :
Atlantic City, NJ 08401, :
 :
   Defendants :

### NOTICE OF ENTRY OF JUDGMENT, ORDER OR DECREE

Pursuant to the requirements of Pennsylvania Rule of Civil Procedure 236, you are hereby notified that there was entered in this office today, in the above-captioned case, a Judgment by Confession in the amount of $1,600,000.00, in favor of Plaintiffs and against Defendants.

Dated: _____    _____

                Clerk, Clerk's Office

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS NOTICE, PLEASE CALL THEODORE H. JOBES OR BROOKE HURLBRINK AT (215) 299-2000**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ACSB ENTERTAINMENT LLC, a | : | CIVIL ACTION |
| Delaware limited liability company, and | : | |
| ACSB HOSPITALITY LLC, a | : | NO. |
| Maryland limited liability company | : | |
| 14185 Dallas Parkway, Suite 1150 | : | |
| Dallas, TX 75254, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWBOAT PROPERTIES LLC, a | : | |
| Delaware limited liability company, and | : | |
| PREMIER LITE TOWER LLC, a | : | |
| Delaware limited liability company | : | |
| 1520 Locust Street, Suite 300 | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| and | : | |
| | : | |
| BART BLATSTEIN, an individual, | : | |
| 1914-16 Rittenhouse Square | : | |
| Philadelphia, Pennsylvania 19103, | : | |
| | : | |
| and | : | |
| | : | |
| ACSB RESTAURANT LLC, a | : | |
| New Jersey limited liability company | : | |
| 801 Boardwalk | : | |
| Atlantic City, NJ 08401, | : | |
| | : | |
| Defendants | : | |

**NOTICE OF RIGHT TO RECOVER ATTORNEYS' FEES AND COSTS AND
<u>PROCEDURE TO FOLLOW TO STRIKE OFF OR OPEN A CONFESSED JUDGMENT</u>**

TO:   Showboat Properties LLC          Premier Lite Tower LLC
      1520 Locust Street, Suite 300    1520 Locust Street, Suite 300
      Philadelphia, PA 19102           Philadelphia, PA 19102

      ACSB Restaurant LLC              Bart Blatstein
      801 Boardwalk                    1914-16 Rittenhouse Square
      Atlantic City, NJ 08401          Philadelphia, Pennsylvania 19103

Pursuant to 42 Pa. C.S.A. § 2737.1, you are hereby notified that a debtor who has been incorrectly identified and had a confession of judgment entered against him shall be entitled to costs and reasonable attorney fees as determined by the court.

Pursuant to 42 Pa. C.S.A. § 2737.1, you are hereby notified of the instructions regarding the procedure to follow to strike off or open a confessed judgment under Pennsylvania Rule of Civil Procedure 2959, which is reproduced in full, in this Notice.

## PENNSYLVANIA RULE OF CIVIL PROCEDURE 2959.  STRIKING OFF OR OPENING JUDGMENT; PLEADINGS; PROCEDURE

(a)(1)    Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.

(2)    The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only

(i)    in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and

(ii)    as provided by Rule 2958.3 or Rule 2973.3.

(3)    If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

(b)    If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.

(c)    A party waives all defenses and objections which are not included in the petition or answer.

(d)    The petition and the rule to show cause and the answer shall be served as provided in Rule 440.

(e)    The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

(f)    The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

(g)(1)    A judgment shall not be stricken or opened because of a creditor's failure to provide a debtor with instructions imposed by an existing statute, if any, regarding procedures to follow to strike a judgment or regarding any rights available to an incorrectly identified debtor.

(2)    Subdivision (g)(1) shall apply to (1) judgments entered prior to the effective date of subdivision (g)[2] which have not been stricken or opened as of the effective date and (2) judgments entered on or after the effective date.

---

[2] Subd. (g) added by Order of Sept. 28, 2004, imd. effective.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ACSB ENTERTAINMENT LLC, a | : | CIVIL ACTION |
| Delaware limited liability company, and | : | |
| ACSB HOSPITALITY LLC, a | : | NO. |
| Maryland limited liability company | : | |
| 14185 Dallas Parkway, Suite 1150 | : | |
| Dallas, TX 75254, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWBOAT PROPERTIES LLC, a | : | |
| Delaware limited liability company, and | : | |
| PREMIER LITE TOWER LLC, a | : | |
| Delaware limited liability company | : | |
| 1520 Locust Street, Suite 300 | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| and | : | |
| | : | |
| BART BLATSTEIN, an individual, | : | |
| 1914-16 Rittenhouse Square | : | |
| Philadelphia, Pennsylvania 19103, | : | |
| | : | |
| and | : | |
| | : | |
| ACSB RESTAURANT LLC, a | : | |
| New Jersey limited liability company | : | |
| 801 Boardwalk | : | |
| Atlantic City, NJ 08401, | : | |
| | : | |
| Defendants | : | |

## PRAECIPE FOR ENTRY OF CONFESSION OF JUDGMENT

To the Clerk:

Kindly enter a Confession of Judgment in favor of Plaintiffs ACSB Entertainment LLC

and ACSB Hospitality LLC, and against Defendants SHOWBOAT PROPERTIES LLC,

PREMIER LITE TOWER LLC, ACSB RESTAURANT LLC, and BART BLATSTEIN in the above-captioned matter and assess Plaintiffs' damages as follows:

**Principal Sum:**              **$1,600,000.00**

**Total:**                       **$1,600,000.00**

                                          **FOX ROTHSCHILD LLP**

Dated: February 12, 2025                        *_/s/ Theodore H. Jobes, Esq._*
                                          Theodore H. Jobes, Esquire
                                          Brooke Hurlbrink, Esquire
                                          *Attorneys for Plaintiff*

AND NOW, this _____ day of _____, 2025, judgment is hereby entered for Plaintiffs and against Defendants in the sum of $1,600,000.00.

                                       _____
                                       Clerk of Court

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ACSB ENTERTAINMENT LLC, a | : | CIVIL ACTION |
| Delaware limited liability company, and | : | |
| ACSB HOSPITALITY LLC, a | : | NO. |
| Maryland limited liability company | : | |
| 14185 Dallas Parkway, Suite 1150 | : | |
| Dallas, TX 75254, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWBOAT PROPERTIES LLC, a | : | |
| Delaware limited liability company, and | : | |
| PREMIER LITE TOWER LLC, a | : | |
| Delaware limited liability company | : | |
| 1520 Locust Street, Suite 300 | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| and | : | |
| | : | |
| BART BLATSTEIN, an individual, | : | |
| 1914-16 Rittenhouse Square | : | |
| Philadelphia, Pennsylvania 19103, | : | |
| | : | |
| and | : | |
| | : | |
| ACSB RESTAURANT LLC, a | : | |
| New Jersey limited liability company | : | |
| 801 Boardwalk | : | |
| Atlantic City, NJ 08401, | : | |
| | : | |
| Defendants | : | |

## ENTRY OF APPEARANCE AND CONFESSION OF JUDGMENT

Pursuant to the authority contained in the Confession of Judgment Agreement and the

Compromise Settlement Agreement and Mutual General Release signed by Defendants

SHOWBOAT PROPERTIES LLC, PREMIER LITE TOWER LLC, ACSB RESTAURANT LLC,

and BART BLATSTEIN, as well as the Guaranty Agreement signed by Defendant BART

BLATSTEIN, true and correct copies of which are attached to the Complaint filed in this action,

we appear for Defendants and confess judgment, as authorized, in favor of Plaintiffs ACSB Entertainment LLC and ACSB Hospitality LLC, and against Defendants as follows:

| | |
|---|---|
| **Principal Sum:** | **$1,600,000.00** |
| **Total:** | **$1,600,000.00** |

**FOX ROTHSCHILD LLP**

Dated: February 12, 2025

*/s/ Theodore H. Jobes, Esq.*
Theodore H. Jobes, Esq.
Brooke Hurlbrink, Esq.
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ACSB ENTERTAINMENT LLC, a | : | CIVIL ACTION |
| Delaware limited liability company, and | : | |
| ACSB HOSPITALITY LLC, a | : | NO. |
| Maryland limited liability company | : | |
| 14185 Dallas Parkway, Suite 1150 | : | |
| Dallas, TX 75254, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWBOAT PROPERTIES LLC, a | : | |
| Delaware limited liability company, and | : | |
| PREMIER LITE TOWER LLC, a | : | |
| Delaware limited liability company | : | |
| 1520 Locust Street, Suite 300 | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| and | : | |
| | : | |
| BART BLATSTEIN, an individual, | : | |
| 1914-16 Rittenhouse Square | : | |
| Philadelphia, Pennsylvania 19103, | : | |
| | : | |
| and | : | |
| | : | |
| ACSB RESTAURANT LLC, a | : | |
| New Jersey limited liability company | : | |
| 801 Boardwalk | : | |
| Atlantic City, NJ 08401, | : | |
| | : | |
| Defendants | : | |

**NOTICE UNDER RULE 2958.1 OF JUDGMENT AND EXECUTION THEREON**

**NOTICE OF DEFENDANTS' RIGHTS**

TO:  Showboat Properties LLC                    Premier Lite Tower LLC
     1520 Locust Street, Suite 300              1520 Locust Street, Suite 300
     Philadelphia, PA 19102                     Philadelphia, PA 19102

     ACSB Restaurant LLC                        Bart Blatstein
     801 Boardwalk                              1914-16 Rittenhouse Square
     Atlantic City, NJ 08401                    Philadelphia, Pennsylvania 19103

A judgment in the amount of $1,600,000.00 has been entered against you and in favor of the Plaintiffs without any prior notice or hearing based on a confession of judgment contained in a written agreement or other paper allegedly signed by you. The Sheriff may take your money or other property to pay the judgment at any time after thirty (30) days after the date on which this notice is served on you.

You may have legal rights to defeat the judgment or to prevent your money or property from being taken. YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association<br>
Lawyer Referral and Information Service<br>
1101 Market St., 11th Fl.,<br>
Philadelphia, PA 19107

**FOX ROTHSCHILD LLP**

*/s/ Theodore H. Jobes, Esq.*
Theodore H. Jobes, Esq.
Brooke Hurlbrink, Esq.
Attorney ID Nos. 62165; 332522
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150

*Attorneys for Plaintiffs*
*ACSB Entertainment LLC*
*ACSB Hospitality LLC*

Dated: February 12, 2025

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ACSB ENTERTAINMENT LLC, a | : | CIVIL ACTION |
| Delaware limited liability company, and | : | |
| ACSB HOSPITALITY LLC, a | : | NO. |
| Maryland limited liability company | : | |
| 14185 Dallas Parkway, Suite 1150 | : | |
| Dallas, TX 75254, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWBOAT PROPERTIES LLC, a | : | |
| Delaware limited liability company, and | : | |
| PREMIER LITE TOWER LLC, a | : | |
| Delaware limited liability company | : | |
| 1520 Locust Street, Suite 300 | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| and | : | |
| | : | |
| BART BLATSTEIN, an individual, | : | |
| 1914-16 Rittenhouse Square | : | |
| Philadelphia, Pennsylvania 19103 | : | |
| | : | |
| and | : | |
| | : | |
| ACSB RESTAURANT LLC, a | : | |
| New Jersey limited liability company | : | |
| 801 Boardwalk | : | |
| Atlantic City, NJ 08401, | : | |
| | : | |
| Defendants | : | |

<u>**CERTIFICATE OF LAST KNOWN ADDRESS**</u>

I hereby certify that the precise business address of Plaintiff ACSB Entertainment LLC is:

14185 Dallas Parkway
Suite 1150
Dallas, Texas 75254

I hereby certify that the precise business address of Plaintiff ACSB Hospitality LLC is:

14185 Dallas Parkway
Suite 1150
Dallas, Texas 75254

I hereby certify that the last known address of Defendant Showboat Properties LLC is:

1520 Locust Street, Suite 300
Philadelphia, PA 19102

I hereby certify that the last known address of Defendant Premier Lite Tower LLC is:

1520 Locust Street, Suite 300
Philadelphia, PA 19102

I hereby certify that the last known address of Defendant ACSB Restaurant LLC is:

801 Boardwalk
Atlantic City, NJ 08401

I hereby certify that the last known address of Defendant Bart Blatstein is:

1914-16 Rittenhouse Square
Philadelphia, Pennsylvania 19103

**FOX ROTHSCHILD LLP**

Dated: February 12, 2025

*/s/ Theodore H. Jobes, Esq.*
Theodore H. Jobes, Esq.
Brooke Hurlbrink, Esquire
*Attorneys for Plaintiff*